CASE 19.—ACTION BY FREDRICA R. MORATH'S EXECUTOR AGAINST FERDINAND WEBERS ADMINISTRATOR AND OTHERS ON A POLICY OF LIFE INSURANCE.—December 15.

# Morath's Exr. v. Weber's Admr., &c.

Appeal from Jefferson Circuit Court, Chancery Branch (2d Div.).

SAMUEL B. KIRBY, Judge.

From the judgment plaintiff and others appeal. Reversed.

1. Wills—Election to Take under Will—Estoppel—Where one who has taken out a policy on her brother's life, payable to her if she survives him, otherwise to his executor or administrator, bequeaths it to one having an insurable interest in his life, and also devises real estate to such brother for life, and on the death of testatrix he takes possession of the real estate and received the rent thereof till his death, his election to accept the devise estops his administrator to claim the proceeds of the policy.

2. Same—Condition of Bequest—Though testatrix bequeathed a policy on the life of her brother to his daughter, on condition that she pay the expenses of his last illness and of his burial, and he was killed in an accident, and was in his coffin when she learned of his death, and the cost of the funeral was paid by the executor of testatrix without notice to the daughter or opportunity to pay or request to do so, she is entitled to the legacy, less the cost of the funeral; there having been no expenses of illness, and no

Morath's Exr. v. Weber's Admr., &c.

time for paying the expense of the funeral being fixed by the will, so that she is entitled to a reasonable time therefor.

3. Same—Charges on Legacy—Under a will bequeathing a policy on the life of testatrix's brother to his daughter, on condition that she pay the expenses of his last illness and of his burial, and directing that the premiums on the policy be paid by her executor out of her estate, the legacy is not charged with the reimbursement of the estate for premiums paid.

LANE & HARRISON for appellant.

PROPOSITIONS AND AUTHORITIES.

1. The acceptance by a legatee of the benefits and provisions in a will in his favor and which but for the will he would not have been entitled to, precludes and estops him to make any claim inconsistent with the provisions of the will. (Warnock v. Davis, 14 Otto, 779; Clay v. Hart, 7 Dana, p. 6; Smart v. Easley, 5 J. J. Marshall, 215; Huhlein v. Huhlein, 87 Ky., 353; Story's Equity Jurisprudence, section 1077; Lee v. Charlemagne, 124 N. Y., 370; VanShack v. Leonard, 164 Ill., 602; Jarman on Wills, section 714; Peck v. Peck, 101 Ky., 403; McQuery v. Gilliland, 89 Ky., 438.

2. The policy of insurance made payable to the executors administrators or assigns of the person insured is the absolute property of the insured, and may be sold or assigned by him during his life time. (Meadows v. Meadows, 13 Ky., Law Rep., 495.

3. Where a person is the beneficiary in a policy on his own life, sells or assigns the same, and receives the purchase price therefor, such assignment will simply in law and in equity be treated as a security for the repayment to the assignee of the consideration paid by him therefor, with interest from the day of payment, and as a security for such sums as he may pay out in premiums to keep the policy alive during the life of the insured, and with interest on such payments from the date made. (Vol. 3, page 1030, Am. & Eng. Enc. of Law; Hermitage v. Miller, 76 Ala., 188; Jackson v. Anderson, 9 Ky. Law Rep., 165; Bayse v. Adams, 81 Ky., 368; Carnock v. Davis, 15 Wallace, 648; Lee v. Mutual Life, 26 Ky. Law Rep., 577; Baldwin v. Haydon, 24 Ky. Law Rep., 900; Brenham v. White, 16 Ky. Law Rep., 242; Downing v. Haefflin, 110 Pa. St., 109; Heuse v. Mutual Life, 47 Mo. Ap., 336; Schoenfelt v. Lauer, 75 Texas, 329; Cawthorn v. Perry, 76 Texas, 383.)

W. D. CRABB, LLOYD W. GATES, AND ISAAC T. WOODSON
for Appellee.

## LEGAL PROPOSITIONS AND AUTHORITIES.

1. One who takes out insurance upon the life of another,
cannot, in the absence of authority in the charter of the
insurance company change the beneficiary; and has no power
to devise the insurance money to another person having no
insurable interest in the life of the insured. Such a devise is
void as against public policy, and does not even, when other
property is devised, put the insured upon an election to forfeit
the insurance money which, by the terms of the policy, is given
to his administrator. (Act of 1870, now sec. 655 of Kentucky
Statutes; sec. 2, article 1 of General Statutes; Ky. Masonic
Mut. Life Ins. Co. v. Miller's Admr., 13 Bush, 494; Weisert v.
Muehl, 81 Ky., 336; Robinson v. Duvall, 79 Ky., 83; Bacon on
Benefit Societies and Insurance sec. 420-423-304; Robertson v.
Met. Life Ins Co., 88 N. Y., 541; 101 Pa. St. Ill: Holland v.
Taylor, 111th Ind., 135; Joseph's Admr. v. Lapp's Admr., 25 Ky.
L. R., 1875, citing section 1423 of Ky. Stats.; Lee v. Mut. Life
Ins. Co. of N. Y., 26 Ky. Law Rep., filed Sept. 29, 1904; Bayse
v. Adams, 81 Ky., 223; Cordell v. Woodward, 96th Ky., 645;
Baird v. Sharp, 17 Ky. Law Rep., 1029; Barber's Admr. v.
Larue's Assignee, 106 Ky., 546; N. Y. Life Ins. Co. v. Brown's
Admr., 33 Ky. Law Rep., 2070.)

2. The insurer in such cases, cannot by devise to a person
having no insurable interest in the life of the insured, put the
insured upon an election to take other property devised to him,
in lieu of the insurance money, which was, by the terms of the
policy to go to his administrator.

The doctrine of estoppel cannot be invoked in aid of a con-
tract, or in an effort to imply a contract, which is against public
policy; and the acceptance by the insured of a devise of other
property does not give to the other devisees any right to com-
pensation for the loss of insurance money which the insured had
no legal right to devise; nor can the executor recover such
compensation. (Dorr v. Stockdale, 19 Iowa, 273; Ferguson v.
Brown, 1st Bradford N. Y., 15; Greenhood on Public Policy 5;
Stone v. Wood, 16 Ill., 182, Rice v. Rice, 23 Ky. Law Rep., 635;
Barman on Wills, Vol. 1., par. 389; Gardiner v. Walner, 1st.
Jacob & Walker, 22; Carey v. Asken, 1st Cox 242; Brown v.
First Nat. Bank at Columbus, 24 L. R. A., 211; Hutchens v.
Welding, 114 Ind., 80; Perkins v. Jones, 26th Ind.; Greenhood on
Public Policy, pages 2 to 6, note 3; Brown's Legal Maxims, page

729, Par., 730; 7th Waits Actions and Defenses page 92.)

3. An executor of a person who took out insurance for the benefit of the estate of another, and who paid the premiums on such insurance during her own life, and provided by will for the continued payment of such premiums during the life of the insured, should not be held to have acquired by virtue of such testamentary provision any interest in the policy of insurance, especially when the insurer attempts in the will to devise the insurance money to persons who had no insurable interest in the life of the insured; nor in such case should the executor be allowed to recover premiums paid under the directions of the will.

Even if so allowed to recover premiums on an amended peti-tion filed in the suit prosecuted to recover the proceeds of the policy the executor should not have been adjudged his general costs.

4. A recovery in the name of an executor and trustee of an estate for the sum of $186.52 funeral expenses of a dead devisee, already paid (to him the executor) by another devisee, is erron-eous, in the absence of allegation or proof showing the authority of the executor or trustee to sue for the funeral expense money, in behalf of the party so paying the same.

OPINION OF THE COURT BY JUDGE SETTLE—Revers-ing.

On December 1, 1894, Fredrica R. Morath obtained of the New York Life Insurance Company a policy of insurance on the life of her brother, Ferdinand Weber, for the sum of $1,000, payable to her if she survived the insured, otherwise to his executors, administrators, or assigns, upon the receipt and approval by the company of the proofs of his death, provided the policy should then be in force. The annual premium on the policy was $37.50, payable December 1st each year during the life of the insured, and the first premium was paid by Frederica R. Morath December 1, 1894, at which time the policy was delivered to her. Frederica R. Morath died in Jefferson county in March, 1895, testate. Her will, which had been written January 1, 1895, was admitted

to probate by the Jefferson county court, and at the
same time the appellant, H. C. Hess, named in the
will as executor, duly qualified in that capacity. The
will contains the following provision: "I direct that
the premiums on the policy of insurance in my favor
upon the life of my brother, Ferdinand Weber, be
regularly paid out of my estate, and by my executors,
and on the death of my brother, Ferdinand Weber,
the money realized from said policy of insurance will
be paid over to and receipt taken therefor from Mary
Miller, nee Weber, the daughter of my brother Ferdi-
nand Weber. This bequest is upon the express condi-
tion that the said Mary Miller in the judgment of the
executors of this will takes good care of and provides
for her father, Ferdinand Weber, during his last
illness and pays the expense thereof, as well as his
funeral expenses. But in the event that the said
Mary Miller fails to comply with the above condition,
then the said sum so realized from said insurance is
to be, when collected, paid out by my said executors
to either my daughter, Theresa Haag, or to my
brother, Henry Weber, whichever one of the two last
named takes good care of and provides for my
brother, Ferdinand Weber, during his last illness and
pays the expenses thereof, as well as his funeral
expenses, and in the event that my daughter, Theresa
Haag, takes good care of and provides for my brother,
Ferdinand Weber, during his last illness and pays the
expenses thereof, as well as his funeral expenses, and
thereby becomes entitled to said insurance money, then
and in that event it is my wish and will that said insur-
ance money is to be held by H. C. Hess, in trust for
the sole, separate and exclusive use of my daughter,
Theresa Haag, free from the control and marital
rights of any husband she now has, or may hereafter
have, and to be invested, controlled and managed by

H. C. Hess, for the sole, separate and exclusive use of my said daughter for and during the term of her natural life with remainder to her children, and in the event that the said Mary Miller does not, nor does the said Henry Weber, nor Theresa Haag, take good care of or provide for my brother, Ferdinand Weber, during his last illness, nor pay the expense thereof, nor the expenses of his funeral, then and in that event the said insurance money is to pass under the succeeding clause of this will.'' That clause of the will above referred to provides that after certain specific devises and bequests all the residue of the testatrix's estate, real and personal, shall vest in the executor of her will, in trust for the separate use of her daughter and only child, Theresa Haag, for life, with remainder to the children of her body, of whom she has seven, all infants. The will also contains this devise: ''I will to my brother, Ferdinand Weber, for and during the term of his natural life and for his maintenance and support, the improvements and buildings on and the rear half of the lot of land on the east side of Jackson street, between Chestnut and Gray streets.''

Upon the death of Frederica R. Morath, her brother, Ferdinand Weber, took possession of the real estate devised him and received the rents thereof until his death in July, 1904, which resulted from his being run over by a street car. As there was no protracted illness preceding his death, no expense was incurred by Theresa Haag, Mary Miller, or Henry Weber on that account, but Theresa Haag caused the executor of her mother's will to defray his burial expenses, amounting to $186,50, which sum he paid out of the income arising from the estate devised him in trust by the will of Frederica R. Morath for the use of Theresa Haag. The executor, as

directed by the will of Frederica R. Morath, annually paid to the New York Life Insurance Company the premium of $37.50 on the policy of insurance issued upon the life of Ferdinand Weber until the death of the insured. The aggregate amount of the premiums so paid, with interest, was $450. Soon after the death of Ferdinand Weber the executor prepared the necessary proof thereof, which he presented to the insurance company, and demanded payment of the amount of the policy on Weber's life. The company, however, declined to accede to this demand because the insurance was about the same time demanded of it by appellee, A. M. Sea, Jr., as administrator of the estate of Ferdinand Weber. Mary Miller, the only child of Ferdinand Weber, and his sole heir at law, also notified the insurance company that she claimed the proceeds of the policy on her father's life. The executor of the will of Frederica R. Morath thereupon instituted this action against the New York Life Insurance Company to recover the amount of the policy in question. A. M. Sea, as administrator of the estate of Ferdinand Weber, deceased, Mary Miller, Henry Weber, Theresa Haag, and the seven children of the latter, were all made defendants. The insurance company by answer admitted its liability for the amount of the policy and paid the money into court, asking that the several claimants be required to litigate their rights to same, which was done by the filing of appropriate pleadings on the part of each, followed by the taking of proof in the form of depositions. Upon final hearing the chancellor entered judgment, distributing the proceeds of the policy by appropriating $636.50 thereof to the executor of Frederica R. Morath in satisfaction of the premiums paid by him on the policy during the life of Ferdinand Weber, and interest on same, and the burial expenses

of the latter, also the additional sum of $24.85 to pay the costs of the action, which left of the proceeds of the policy $338.65, and this sum was directed to be paid to A. M. Sea, Jr., administrator of the estate of. Ferdinand Weber, deceased. The appellants, H. C. Hess, executor of the will of Frederica R. Morath, and Theresa Haag and her children, excepted to the judgment because it did not direct the payment to the executor of the entire proceeds of the policy in controversy, and it was likewise excepted to by appel- lees A. M. Sea, Jr., administrator of the estate of Ferdinand Weber, and Mary Miller, because it directed the payment of any part of the proceeds of the policy to the executor of the will of Frederica R. Morath, and all the parties named appealed.

It is contended by appellants that the acceptance by Ferdinand Weber of the devise contained in the will of Frederica R. Morath, deceased, and his enjoy- ment thereof until his death, invested the executor with absolute title to the proceeds of the policy in question for the use and benefit of Theresa Haag, and that the legal effect of such election on his part oper- ates as an estoppel to the claim made by his adminis- trator and heir-at-law to the. proceeds of the policy. Ordinarily one who has accepted a benefit under a will cannot be allowed to disappoint it, but must con- cede full effect to the dispositions thereof; and this rule is approved by the numerous authorities cited by appellant's counsel, some of which apply to a state of case where the beneficiary of the policy elects to take under the will. If it be conceded that Mrs. Mo- rath could not by will dispose of the policy on her brother's life to one who had not an insurable interest in his life, and that by reason thereof the devise of the policy to her own daughter was void, as the will first devised the policy to Mary Miller, the daughter

of the insured, who certainly had an insurable interest in his life, if this devise can be upheld, beyond question the election of the insured to accept the devise under his sister's will would operate as an estoppel to the claim made by his administrator to the proceeds of the policy, though such an election might not operate as an estoppel as to one having no insurable interest in the life of his intestate, because to allow it to go to the latter would be violative of the public policy of the State. The policy provides that it should be paid to Mrs. Morath if she survives her brother, the insured, but otherwise to his estate or assigns. When the insured elected to take under Mrs. Morath's will, he was estopped to deny its full effect in every other particular, unless to do so would be to violate some statute or the public policy of the State.

It will be conceded that to allow the assignment of a policy to one having no insurable interest in the life of an insured would be against public policy, but that question cannot arise in this case if the devise of the policy by the will of Mrs. Morath to Mrs. Miller, the daughter of the insured, is sustained; for it would be such an assignment as the insured himself might legally have made, and, if so, the personal representative of the insured ought to be estopped from denying the validity of such an assignment of the policy, because it is in no sense in contravention of the public policy of the State. Mrs. Morath, having an insurable interest in the life of her brother, effected a valid contract of insurance on his life for her own benefit. She kept it alive, as did her estate after her death, for several years. She provided in her will, in effect, that he should have certain of her estate upon the condition that he yield to her a part of his own estate, viz.. the benefit of his life insurance for his own daughter, who had an insurable interest in his

life. Such a disposition of the policy by Mrs. Morath, as she was survived by the insured, would have passed nothing to her devisee, if the insured had declined to take the devise made him by her will, but he did not decline it, and, having accepted it, his personal representative cannot assert claim to the policy as against Mrs. Miller holding under the same will and having had an insurable interest in the life of the insured. Smart v. Easley, 5 J. J. Marsh, 215; Morrison v. Fletcher, 119 Ky. 488, 84 S. W. 548, 27 Ky. Law Rep. 124; Bigelow on Estoppel, 503, 504; 1 Pom. Eq. section 742; Huhlein v. Huhlein, 87 Ky. 247, 7. S. W. 547, 10 Ky. Law Rep. 107. What are Mrs. Miller's rights under the will of her aunt, Mrs. Morath? The policy was bequeathed her upon the condition that she pay the expense of her father's last illness and those attending his burial. As his death occurred suddenly, the only expense that could have been defrayed by her was that of his burial. According to the evidence she went to see his remains and to attend the burial as soon as notified of his death. She found his body shrouded and in the coffin. After the burial the cost thereof was paid by the executor of her aunt's will without notice to her. She had no opportunity to pay it, and was not requested to do so. The will does not fix the time for her paying the expense of her father's burial, and she therefore had a reasonable time to do so, and may do so out of the proceeds of the policy if adjudged entitled to it under her aunt's will. The executor of the will of Frederica Morath is entitled to be repaid out of the proceeds of the policy the amount of Ferdinand Weber's burial expenses paid by him, which is admitted to be $186.50, but no good reason has been suggested for his being reimbursed out of the proceeds of the policy, the premiums which by direction of Mrs. Morath's will

be paid thereon to the insurance company. The will
bequeaths the policy or its proceeds to Mrs. Miller
upon the condition that she pay the burial expenses
of the insured, and also any expense that might be
incurred by or on account of his illness, but no other
condition is imposed by its provisions. On the con-
trary, it clearly manifests the purpose of the testatrix
to provide against a lapsing of the policy by directing
the executor to pay the premiums out of her estate.
This requirement was prompted by the same affection
that provided a support out of the donor's estate for
her aged and afflicted brother, and but for which he
would have been a burden upon his daughter, Mrs.
Miller, who was already charged with the support of
her mother, from whom the father had separated. If
Mrs. Morath had contemplated or intended that her
estate should be reimbursed by her niece for the
premiums the executor was directed to pay on the
policy, it would have been both natural and reasonable
that the requirement to that effect would have been
inserted in her will along with those that were in-
tended to exact of the niece the payment of the
expenses of her father's illness and burial. The fact
that Mrs. Miller was by her father's sudden and
accidental death relieved of any expense resulting
from a last illness should not invalidate the bequest
of the insurance money to her, if one of the conditions
imposed by the will was left to be performed and may
yet be performed by her, viz., the payment of her
father's burial expenses. What difference can it make
that they were first paid by the executor of the will,
if she repays it to the executor, and why not out of the
proceeds of the policy as well as with any other money
of her own? Will it not be sufficient and as much a
compliance with the condition imposed by the will as
if she had paid it directly to the undertaker by whom

her father's remains were interred? Its payment by her is all that is required by the will to entitle her to the insurance money, and we are firmly of the opinion that in adjudging her entitled to the proceeds of the policy we but carry out the wishes of her aunt as generously expressed in the will.

Judgment reversed on both the original and cross-appeal, and cause remanded for the entering of such a decree as will conform to this opinion.