## Renaker, et al. v. Adams' Admr.

(Decided January 31, 1912.)

Appeal from Harrison Circuit Court.

Appeals—Jurisdiction—Contested Part of Debt Less Than $200.00.—
The Court of Appeals has no jurisdiction of an appeal from a judgment rendered for the contested part of a debt which was less than $200, although there had been a demurrer to the petition which was overruled, and judgment was then rendered for the uncontested part of the claim, the appeal being taken from the judgment of the contested part.

C. F. SPENCER for appellant.

DANIEL DURBIN for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Dismissing.

Elizabeth D. Adams, as administratrix of J. D. Adams, deceased, brought this suit in the Harrison Circuit Court against J. Newt. Renaker and A. J. Renaker to recover judgment against them on a note for $500 executed by them to her intestate dated September 6, 1907, and due twelve months after date. A. J. Renaker filed a demurrer to the petition which was overruled. J. Newt. Renaker then filed an answer in which he conceded that he owed the plaintiff on the note $438, with interest from February 22, 1910, and pleaded a counterclaim for the remainder of the debt. The court entered a judgment against both the defendants for the uncontroverted part of the debt, and the action was referred to a special commissioner to report on the counterclaim which involved a question of usury. On the coming in of the commissioner's report, the court entered judgment against

the defendants for the remainder of the debt and from this judgment they have appealed. The administratrix has entered a motion to dismiss the appeal on the ground that the amount in controversy is less than $200.

It is conceded that after deducting the uncontroverted part of the debt, the balance left in controversy is less than $200, but it is insisted for the appellants that as A. J. Renaker demurred to the petition, and his demurrer was overruled, an appeal lies because all the debt was in controversy on the demurrer. We had this precise question before us in K. & P. Lumber Co. v. Sledge, 143 Ky., 137, and we there held that as the amount really in controversy was less than $200, this court was without jurisdiction. The facts of this case well illustrates the soundness of the rule we there laid down. No serious complaint is made of the sufficiency of the petition. The complaint is of alleged errors of the commissioner and the court as to the matter of usury, and relates to the contested part of the claim. The thing in controversy here is only this matter of usury. The judgment for the uncontested part of the claim was rendered on March 3, 1910. The judgment for the contested part of the claim was rendered at the November term, 1910. In the statement in the record made pursuant to the Code the judgment appealed from is given in these words:

"Final judgment, November term of the Harrison Circuit Court, December 1, 1910."

There is no reference in the statement to the judgment for the uncontested part of the debt, and this part of the debt is in no sense in contest on the appeal.

Appeal dismissed.