## Gough v. Illinois Central Railroad Company.

(Decided November 5, 1915.)

### Appeal from Graves Circuit Court.

1. Appeal and Error.—The right of appeal is a privilege which the legislative authority may grant, restrict, or take away, and is governed by the law in force at the time the appeal is granted,

2. Appeal and Error—Amount in Controversy.—In an action for the recovery of money, only, when the actual amount in controversy, as shown by the record, is less than two hundred dollars, an appeal from a judgment granting or denying a recovery, will be dismissed upon or without motion.

3. Appeal and Error—Amount in Controversy—Dismissal.—In an action for the recovery of money, only, when the real sum in controversy, as shown by the record, is less than five hundred dollars, and more than two hundred dollars, and the construction or validity of a statute or a section of the Constitution is not necessarily or directly put in issue, and it is not necessary for a correct decision of the case to pass on the validity of a statute or construe a section of the Constitution or statute, and the ends of justice do not require a reversal of the judgment, the appeal from a judgment granting or denying recovery will be dismissed upon or without motion, and without a written opinion, as to the merits of the controversy.

W. J. WEBB for appellant.

GUS THOMAS, ROBBINS & ROBBINS and TRABUE, DOOLAN & COX for appellee.

OPINION OF THE COURT BY JUDGE HURT—Dismissing appeal.

The appeal in this case was granted on the 3rd day of December, 1914. The law in force at the time an appeal is granted controls the right of appeal. Hale v. Grogan, 106 Ky., 311. The right of appeal is a privilege and can be given, taken away, or restricted by the legislative authority. Section 950, Sub-section 1, Kentucky Statutes, provides among other things:

"But no appeal shall be taken to the Court of Appeals as a matter of right from a judgment for the recovery of money or personal property, or any interest therein, or to enforce any lien thereon, if the value in controversy be less than five hundred dollars, exclusive of interest and costs."

The section, *supra,* further provides, that the Court of Appeals may grant an appeal when it is satisfied from an examination of the record that the ends of justice require that the judgment appealed from should be reversed, if the value of the amount or thing in controversy, exclusive of interest and cost, is as much as two hundred dollars, or when the construction or the validity of a statute or the construction of a section of the Constitution is necessarily and directly put in issue, and a correct decision of the case can not be had without passing on the validity of the statute or construing the section of the Constitution or statute involved.

Sub-section 3, of Section 950, *supra,* regulates the manner in which this court may grant an appeal when the amount in controversy is as much as two hundred dollars and less than five hundred dollars. It further provides, in reference to when the amount in controversy is as much as two hundred dollars and less than five hundred dollars:

"If the court decides, after an examination of the record, that the appeal should not be granted, the motion shall be overruled without a written opinion."

This has reference to the motion for an appeal in this court, as provided by said Sub-section 3, *supra,* and rule twenty of the court.

Under a former statute, which fixed the minimum sum at two hundred dollars, from a judgment either for granting or refusing a recovery, an appeal could be taken, it was held by this court, that, either in the case of an appeal being granted by the court, which rendered the judgment from which the appeal was taken, or where granted by the clerk of this court, that if the record demonstrated conclusively, that the amount in controversy was, in fact, less than two hundred dollars, the appeal would be dismissed upon or without motion. Thomas v. Thomas, 162 Ky., 630; Louisville Property Co. v. Whitley County Stave Co., 163 Ky., 336; Smith v. C. & O. Ry. Co., 118 Ky., 825; The K. & P. Lumber Co. v. Sledge, 124 Ky., 137; Renaker, et al. v. Adams, et al., 146 Ky., 513; Morgan v. Johnson, 158 Ky., 417; Chenault v. Bank of Arlington, 159 Ky., 154. These decisions rested upon the fact, that if the amount in controversy was not as much as two hundred dollars, this court had no jurisdiction. These decisions, further, held that the value in contro-

versy must be the actual amount of the controversy, in fact, regardless of the claims of the parties.

Under the present statute governing the right of appeals, this court, in an action for the recovery of money, does not have jurisdiction of an appeal unless the value of the amount in controversy is not less than five hundred dollars; or unless the value of the amount in controversy is as much as two hundred dollars, and the court is satisfied from an examination of the record, that the ends of justice require the judgment appealed from to be reversed; or the construction or validity of a statute or the construction of a section of the Constitution is necessarily and directly put in issue, and a correct decision of the case can not be had without passing upon the validity of the statute or construing the section of the Constitution or statute involved.

The evidence contained in the bill of exceptions, in this case, which is a suit for the recovery of money, only, demonstrates conclusively, that the amount in controversy and claimed by appellant is much less than five hundred dollars, and while there is some evidence tending to show that the amount in controversy, exclusive of interest and costs, is in excess of two hundred dollars, an examination of the record does not show any error prejudicial to the substantial rights of the appellant, and does not satisfy the court that the ends of justice require a reversal of the judgment. Neither the construction nor validity of any statute or any section of the Constitution is involved.

The appeal is therefore dismissed, without any written opinion upon the merits of the controversy.