CASE 23—PETITION ORDINARY—OCTOBER 27.

## Wilken v. Exterkamp.

APPEAL FROM KENTON CIRCUIT COURT.

1. ASSAULT AND BATTERY—PLEADING—EVIDENCE.—In an action to recover damages for assault and battery the defendant can not prove that plaintiff first assaulted him, in the absence of a plea of *son assault demense.*
2. PLEADING.—INSTRUCTIONS.—It was error where there was no plea of justification, to instruct a jury to find for defendant if the assault was made in self-defense.
3. ARGUMENT.—Under the provisions of sec. 317 Civil Code, subsec-

tion 6, the right exists for litigants to have their cases argued by counsel in trial courts where there are disputed facts; .and it is a reversible error to refuse to allow counsel to do so whatever may be the crowded condition of the dcket.

CHARLES H. FISK FOR APPELLANT.

1. Evidence as to *son assault demense* is not admissible, unless such assault be set up by the defendant. Newman's Pleading and Practice, 531; 2 Chitty's Pleading (Am. Ed.), 501; Rogers v. Waits, 44 Me., 245.

2. If the party first assaulted uses excessive force beyond what is necessary for self-defense he is liable for the excess. Dole v. Herskin, 35 N. H., 503; Filbrick v. Foster, 4 Ind., 442; Gaither v. Blowers, 11 Md., 536; Dean v. Taylor, 11 Exch., 68; 6 Wait's Actions and Defenses, 644 and 647.

3. Under the provisions of sec. 317, subsec. 6, Civil Code, the plaintiff was entitled to an argument before the jury as a matter of right. Secs. 7 and 248, Ky. Stats.; Houck v. Gue, Same v. Hurley, 46 Northwestern Rep., 280; Douglas v. Hill, 29 Kan., 527; Ky. Wagon Co. v. City of Louisville, 17 Ky. Law Rep., 367; Wright's Adm'r v. N. W. Mutual Life Ins. Co., 91 Ky., 208.

JAMES P. TARVIN AND B. F. GRAZIANA FOR APPELLEE.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

The appellant, Herman Wilken, sought to recover damages of the appellee, Henry Exterkamp, for an assault and battery. The appellee's plea was not guilty. Evidence was offered by the defendant tending to show that the plaintiff had first assaulted appellee. Appellee did not plead *son assault desmesne*, therefore, he was not entitled to prove that the appellant had first assaulted him. As there was not a plea of justification, the court erred in authorizing the jury to find for the defendant, if the assault was made in self-defense. The burden was on the plaintiff. The court declined to allow counsel for the plaintiff to argue the case on the ground that the calendared business of the court did not permit the case to be argued. In this we think the court was in error.

Section 317, Civil Code of Practice, is as follows: "When the jury has been sworn, the trial shall proceed in the following order, unless the court, for special reasons, otherwise direct. * * * The parties may then submit or argue the case to the jury." * * *

This section contemplates that either party shall have the right to argue the case.

The court said, in Sodousky, &c. v. McGee, 4 J. J. Marshall, 271: "Every person has a legal, as well as a natural right, to be heard in his own cause; and no rule of practice can deprive him of that right, if, at a proper time and in a proper manner, he proposes to exercise it. * * * The right to appear and defend by testimony and argument, is a personal right." * * *

In Belmore v. Caldwell, 2 Bibb, the court said: "But we think the court erred in restraining the plaintiff's counsel from arguing the facts before the jury. The right of appearing by counsel, and arguing matters of fact involved in the cause, is a right which the court ought not to have denied to the party."

This court has frequently reversed cases because the court below did not allow counsel for litigants to proceed in proper order in the argument. It has likewise recognized the right of the court to place reasonable and proper limitations upon counsel in the argument of cases. It seems to us there can be no doubt that the right exists for litigants to have their causes argued by counsel in trial courts where there are disputed facts.

The judgment is reversed for a new trial and for proceedings consistent with this opinion.