CASE 41—ACTION BY J W. WITT AND OTHERS AGAINST THE SINGER
MANUFACTURING CO. ON CONTRACT FOR SERVICES.—MAY 26.

# Singer Manufacturing Co. v. Witt & Others:

APPEAL FROM FULTON CIRCUIT COURT.   R. J. BUGG, CIRCUIT JUDGE.

JUDGMENT FOR PLAINTIFFS AND DEFENDANT APPEALS.   REVERSED.

WRITTEN CONTRACTS—PRIOR NEGOTIATIONS—PAROL EVIDENCE

Where parol representations preceded the execution of a written
contract, but were not made a part of the written contract, which
was not assailed, parol evidence of such representations was in-
admissible.

ROBBINS & THOMAS, FOR APPELLANTS.

Summarizing, our contentions herein are:

1. That Witt, alone, is the plaintiff.

2. That, upon the payment of his deficit, Lamm only agreed
to repay the parties paying the money, whatever sum might be
found due Witt upon a final settlement, and that this agreement
was reduced to writing which writing is clear and explicit in
terms and conforms to the common-sense mode of doing busi-
ness. It is not attacked for fraud or mistake, and should have
been accepted by the court as the exclusive embodiment of the
agreement, and the peremptory instruction offered by the ap-
pellant given to the jury.

3. That all evidence heard by the court looking to the estab-
lishment of a different arrangement than that stated in the writ-
ing was prejudicial and erroneous.

4. That the court erred in submitting the issues raised by this
verbal testimony to the jury, in the instruction given by it.

5. That the court should have sustained appellant's motion
for a judgment, notwithstanding the verdict, and, overruling
this, it should have given the instruction offered by appellant
for a verdict in its favor of $60.53; and,

Lastly, that this court has jurisdiction of this case, as both
the judgment rendered against appellant and the amount for
which the entire record shows it should have received judgment,
can be added together, which makes a sum entitling it to an
appeal to this court.

## AUTHORITIES.

A. Where a counter-claim or set-off is legally pleadable, but upon final trial disallowed, and where there is no proof to contradict it, said amount may be added to the judgment rendered against the defendant, and, if the sum is sufficient to permit an appeal, the same will lie, to this court. Authors v. Thompson, 17 Ky. Law Rep., 118; Ward v. Rohrer, 21 Ky. Law Rep., 947; Meyerfield v. Roberts, 14 Ky. Law Rep., 473; Edmonson v. Bird, 9 Ky. Law Rep., 406; Fordsville Banking Co. v. Gray, 22 Ky. Law Rep, 1258; 15 B. Monroe, 34; 1 Duvall, 268; 1 Metcalfe, 565; 3 Metcalfe, 321; Bowles v. Brier, 87 Indiana, 391; Shriver v. Bowen, 57 Indiana, 266.

B. A written contract must prevail, unless fraud or mistake is both alleged and proven. Vansant v. Runyon, 19 Ky. Law Rep., 1981; 14 Bush, 204; 6 Bush, 107; 16 B. Monroe.

BULLOCK & SMITH, FOR APPELLEE.

Summarizing our contentions are:

1. That F. S. Moore, J. A. Noonan, J. W. McElroy, S. D. Luten, W. F. Kearby H. F. Remeley, G. L. Carpenter and J. H. Pollock are the real plaintiffs.

2. That this court has no jurisdiction of this appeal because the amount in controversy is less than $200.

3. That there was no written compact evidencing the contract between E. H. Lamm, agent of the Singer Mfg. Co., and these appellees securities on the note executed by J. W. Witt for $351.14 to the Singer Mfg. Co.

4. That there was no attempt to attack, change or alter the written contract by oral testimony.

5. That E. H. Lamm, as the agent of the Singer Mfg. Co., had the authority to bind the Singer Mfg. Co. by his representations, assurances and guarantees to the securities on the note of J. W. Witt to the Singer Mfg. Co. for $351.14.

## AUTHORITIES CITED.

Finwick v. Phillips, 3 Metcalf, p. 88; Neeley v. Merritt, 9 Bush, 346; Revill v. Claxton, 12 Bush, 558.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—REVERSING.

The appellee, J. W. Witt, was in the employ of the appellant, the Singer Manufacturing Company, as salesman

and collector, from the 8th of August, 1901, until the 7th of April, 1902, under a written contract, which provided that he was to be paid a premium of $7.50 for each sale or lease of family machines when approved by the company, and a commission of fifteen per cent. on the net amount of cash received and paid over to the company by him. The written contract further provided that on all accounts for machines sold by him which were uncollectible, and in all cases in which the company were compelled to take back the machine, he should refund the cash premium of $7.50 that may have been paid to him by the company thereon. The contract also contained many other stipulations and provisions, which it is not necessary for us to consider. On the 7th of April, 1902, he had fallen behind $351.14 in his accounts with the company, after he had been credited with the full amount of premiums on machines sold by him and commissions on collections paid to the company. But on that date there remained out standing and uncollected claims due the company for machines sold by him, on which when collected he would be entitled to the commissions provided by the contract, which were not credited to him in the settlement. To enable Witt to pay the balance due by him to the company, F. S. Moore, J. A. Noonan, J. W. McElroy, S. D. Luten, H. M. Kerby, G. L. Carpenter, and J. H. Polleck signed their names as sureties for Witt to a promissory note for $351.14, which was discounted in a bank at Hickman, and the proceeds paid to the appellant. Contemporaneously with the execution of this note, the following contract was written by F. S. Moore, one of the sureties, and signed by J. W. Witt and E. H. Lamm, appellant's agent in this transaction:

"Whereas, I, J. W. Witt, of Hickman, Fulton county, Kentucky, am indebted to F. S. Moore, etc., in the sum of $380.50,

for money loaned, I have this day transferred, assigned, set over and conveyed, and by these presents do hereby transfer, assign and set over to F. S. Moore the following goods and chattels, to wit: All commissions and earnings accrued and accruing under my contract with the Singer Machine Co., prior and subsequent to the termination of said contract, in amounts both all and singular whatsoever, to have and to hold in trust to pay the above indebtedness, and hereby giving, granting, constituting and appointing said F. S. Moore my true and lawful attorney both in law and fact to collect and draw above mentioned commissions and earnings, and to receipt in my name for same, which shall be binding and of as full force and effect as if I myself was present.

"The Singer Machine Co., covenants and agrees to pay said commissions and earnings to the said F. S. Moore as per terms of said contract, making first settlement with F. S. Moore six months after termination of said contract between said company and J. W. Witt, and remainder thereof as said commissions and earnings accrue. In witness whereof all parties have hereunto set our hands and seals this April 7, 1902.

"[Signed]                                    J. W. Witt.
                                             "E. H. Lamm.

"Attested by:
"F. S. Moore."

Witt's connection with the company ceased on that day. When he entered their service he was required to and did execute a bond of indemnity, which was signed by a guaranty company. When the note in bank fell due, it was paid by the securities thereon, and the appellee Witt thereupon brought this suit in his own name, for the use and benefit of these sureties, against the appellant. He alleged, in substance, that he had represented to his sureties in the note, in

the presence of E. H. Lamm, the agent of the defendant, to
induce them to sign the note to raise the money to pay his
indebtedness to the company, that there would be due to him,
as commissions upon uncollected claims due the company for
machines sold by him, $175 before the proposed note would
fall due, and which could be applied to its payment, and that
Lamm made similar representations to them, and that, rely-
ing upon these representations of defendant's agent, they
signed the note. The defendant filed a general demurrer to
the petition, which was overruled. It thereupon denied that
their agent, Lamm, had represented that there would be due
to the plaintiff, Witt, $175 for unaccrued commissions which
could be applied as a credit upon the note, or that he prom-
ised that they should be so applied, admitted the execution of
the contract by Lamm, and alleged that the accounts for nine
sewing machines turned over to the company by Witt on the
7th of April, 1902, had proved worthless, and that they had
been compelled to take back these machines, and that under
their contract with him they were entitled to have refund-
ed $7.50 allowed and paid him as a premium on each of these
machines, and that they had also been compelled to refund
$3.93 commissions paid him, making his indebtedness to them
since the settlement $81.43, and admitted that there was due
to him commissions on collections made since the payment
to them on the 7th of April, 1902, $20.90, leaving a balance
due to the company of $60.53, for which they prayed judg-
ment against Witt by way of counterclaim. The affirmative
averments of the answer were controverted by reply, and a
jury trial resulted in a judgment for the plaintiff for the
amount sued for.

Upon the trial the court instructed the jury, in substance,
that if they believed from the evidence that the company's
agent, Lamm, had represented that there would be $175 due

Witt on commissions, and guarantied a credit of that amount on the note, and the plaintiffs were induced by his representations and guaranty to become the sureties of Witt upon the note to the bank, they should find for them. The converse of this instruction was also given. The defendant insisted that it could only be made liable in accordance with the terms of the written contract which had been signed by its agent, and asked the court to so instruct the jury. It also asked that the jury be directed to return a verdict for the defendant. All of which were overruled, and it has appealed.

It is insisted for appellee that, as the judgment is only for $175, this court has no jurisdiction of the appeal. While the judgment rendered against appellant, exclusive of interest and cost, is insufficient to give this court jurisdiction, the counterclaim of the defendant is for $60.53, which makes the real amount in controversy $235.53, and in a number of cases it has been decided that when the defendant relies on a counterclaim against the plaintiff which is germane to the original cause of action, and the original sum sued for and the sum named in the counterclaim exceed $200, then the amount in controversy is sufficient to give this court jurisdiction.

It is conceded that the alleged parol representations made by the agent of the company as to the unearned commissions which would be due to Witt when collected preceded the execution of the written contract between the parties, and the contract itself is not assailed. The law is well settled that, where contracts between parties are reduced to writing, the written contract must control, and not mere verbal declarations which may have preceded its execution. See Vansant v. Runyon, 44 S. W., 949, 19 Ky. Law Rep., 1981. The rule is thus stated in 1 Greenleaf on Evidence (Lewis' Ed.), sec. 275: "When parties have deliberately put their engagements into writing in such terms as import a legal obligation, without

uncertainty as to the object or extent of such engagement, it is conclusively presumed that the whole engagement of the parties, and the extent and manner of their undertaking, was reduced to writing; and all oral testimony of a previous colloquium between the parties, or of a conversation or declarations at the time when it was completed, or afterwards, as it would in many instances substitute a new and different contract for the one which was really agreed upon, to the prejudice, possibly, of one of the parties, is rejected." We find no uncertainty or ambiguity in the terms of the written contract. In it the appellee Witt only assigned such commissions as might be due or become due to him from the company, and the company only agreed to pay Moore what should be found due Witt after the settlements of his accounts with the company in accordance with the terms of the contract. It follows that the trial court erred in admitting parol evidence the effect of which was to contradict and vary the terms of the written contract between the parties by proof of alleged representation by the agent of the company before the execution of the written contract.

The court also erred in giving instructions based upon this testimony to the jury. In the absence of any allegation that the written contract did not contain the agreement between the parties, it must be accepted as conclusive. The trial court should have sustained defendant's motion for a peremptory instruction to find in their favor on the cause of action set out in the original petition. And as the appellee Witt did not deny the correctness of appellant's account against him, they were entitled to a judgment against him on their counterclaim for $60.83.

For reasons indicated, the judgment is reversed, and cause remanded for proceedings consistent with this opinion.