## Joseph, et al. v. Harrison.

(Decided January 4, 1912.)

## Appeal from Grant Circuit Court.

Party Walls—Agreed Division Line—Raising Wall Rights of Parties As to Water Coming Against the Wall.—H. & J. being the owners of adjoining lots in a town and being-in doubt as to where the dividing line between them was, entered into a written contract by which it was agreed that J should build a party wall on an agreed line; that the center of the wall should be the line between them; that either one might have the right to raise the wall, and if he did so, should provide for taking off the water. H after the wall had been built, built on his lot using the wall on the first story as the wall of his building and letting the joist into the wall; but he did not build upon the brick wall. He set the studding of the second story on the joist and built up a wooden wall by the side of the brick wall. Held, that the wooden wall is practically an extension of the brick wall and that H should provide for taking off the water coming against the wall.

A. J. DeJARNETTE, N. E. COY for appellant.

O. S. HOGAN, CLORE DICKERSON & CLAYTON for appellee.

Opinion of the Court by Chief Justice Hobson— Reversing.

H. J. Joseph owned a lot in Williamstown, adjoining the lot owned by W. T. Harrison. Joseph had erected a one-story house upon his lot, and Harrison claimed that the eaves of Joseph's house extended over the line, and ran the water from Joseph's house on his lot, which then had no house upon it. There was some question between them as to where the dividing line was. In this condition of affairs on September 23, 1899, the following written contract was entered into between them.

"This article of agreement made between H. J. Joseph and Wesley T. Harrison, of Williamstown, Ky., witnesseth, that whereas, there is a disagreement between them as to the location of the division line between their two lots situated in said town on the east side of Main street. It is now agreed between them that the said H. J. Joseph shall build a thirteen inch brick wall along the north side of his building, and against the same, and upon the land under the eave of his said store and within the enclosure of the said Harrison's yard. Said wall is to be built up to the cornice of said Joseph's store by

said Joseph now. And when said wall is built it shall be, and become a party wall, and said Harrison shall have the right to build into and use the same as a wall to any structure he may desire to build upon his lands adjacent thereto. In the event either party shall desire that the said wall shall be built higher than the eave of said Joseph's store house as at present, it is to be built at the expense of the one so desiring, providing, that such party desiring to build same higher, shall before doing so obtain the consent of the insurance companies holding insurance upon the other party's property, and provided such wall shall be so built as not to increase the rate of insurance of the other party, and provided further, that such party so building the wall higher shall at his own expense make all changes in the house of the other party that may be necessary, and make all provisions to carry off the water from the roofs, prevent leaks or other damage or injury to the other party's building or property, and will pay and make good to the other party any damages caused by such additional building of the wall higher. Said wall shall be a partnership or party wall throughout, and all parts of same that may be hereafter built. Each party shall own and hold one-half of the land upon which the wall rests, each owning to the center line of same on his side, and the line with the center of said wall shall extend through the entire length of the wall and continue on to the alley on the east side or back of said lot in straight line, and shall become and be the true division line between said lots from Main street to said alley. It is agreed that neither party shall drain any water from his building onto the lot, building or premises of the other.

Witness our hands, this September 23rd, 1899, and signed in duplicate.

"HARRY J. JOSEPH,
"WESLEY T. HARRISON."

Joseph built the brick wall pursuant to the agreement, and on the top of the wall he made a gutter which caught the water which came down from the roof of his house and carried it back to a down pipe which took it to his lot. Things remained thus for several years when Harrison built a house on his lot in this way. He cut into the party wall which Joseph had built and rested the joists on the wall and plastered to the wall, thus making the party wall the wall of his house on the first

story. He did not raise the party wall for the second story of his house, but set the studding on the joists at the side of the wall and carried up his wall just by the side of the brick wall, the second story resting on the joists which at this end were placed in the brick wall, his structure being a frame house except where he used the party wall. To protect his house from the water that ran down the gutter he put splashing on the side of the wall and caused this splashing to be soldered to the gutter. After he had built the house in this way, the brick wall was wet especially in times of snow and sleet, causing the lower rooms to be damp. He charged that this dampness was caused by the water from Joseph's house running into the wall, and brought this suit against Joseph to recover damages. Joseph filed an answer denying the allegations of the petition and pleaded a counterclaim alleging that Harrison had injured his roof and gutter to his damage in the sum of $1,000. On a trial of the case there was a judgment in favor of Harrison for $185. Joseph appeals.

The first question made on the appeal is that it should be dismissed for want of jurisdiction, because the amount in controversy is less than $200. The judgment in favor of Harrison is for $185; but Joseph pleaded a counterclaim of $1,000 as to which he was defeated in the circuit court. It is insisted, however, that this pleading should not be regarded because the evidence introduced by Joseph shows no substantial damage was done to his house by Harrison. But if he was damaged as much as $15, this would give jurisdiction on the appeal, and we can not say from the evidence that he had not reasonable grounds to plead a counterclaim for $15. The motion to dismiss the appeal for want of jurisdiction is, therefore, overruled.

On the merits of the case the first question made is that the court should have instructed the jury peremptorily to find for the defendant, and this is the only matter we find it necessary to pass on. It will be observed that by the contract it was provided that if either party built the wall higher, he should do so at his own expense and make all provision to carry off the water from the roofs, prevent leaks or other damage or injury to the other party's building or property. It is true that Harrison did not build the brick wall higher. But the wall which he built of plank was really an extension of the brick wall. It rested upon it and he can not be permitted

to avoid the effect of the contract by building a plank wall instead of a brick wall. If he had built the brick wall higher, it would have been his duty to make all provision for carrying off the water. When instead of building the brick wall higher he built a wooden wall resting upon it, the same duty under the contract devolved upon him, and it was incumbent on him to make all provision for the water. By extending his wall as he did, a much greater burden was placed upon the gutter. In times of snow the snow would thus be banked upon the gutter, for the wall would catch it and cause it to bank up there. The same thing would happen to some extent from sleet, and even in a case of rain a greater burden would be placed upon the gutter. He was required, under the contract, when he extended this wall to make provision for the water. If he failed to do so, and thus caused the wall to be wet, he can not complain; there was no trouble with the water until he extended the wall. The trouble which has since ensued, it is his duty under the contract to provide for. The court should, therefore, have instructed the jury peremptorily to find for the defendant.

Judgment reversed and cause remanded for further proceedings consistent herewith.