## Norris, et al. v. Isaacs.

(Decided October 9, 1912.)

### Appeal from Jackson Circuit Court

Appeal—Rule in Equity Case—Finding of Chancellor.—In appeals in equity cases, it is the rule of the Court of Appeals not to disturb the judgment of the chancellor on the facts, where the evidence is conflicting, and the mind is left in doubt as to the truth.

A. W. BAKER for appellants.

J. R. LLEWELLYN for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

On the night of August 24, 1907, a store and stock of goods belonging to the appellee Isaacs, and located in Jackson County, were destroyed by fire. Appellant, A.

J. Slone, and Lewis Johnson, were indicted for the burning at the September Term of the Jackson Circuit Court, and Slone was subsequently found guilty and sentenced to the penitentiary for a term of five years. On September 16, 1907, Isaacs sued Slone and recovered a judgment on April 28, 1908, for $2,000.00 damages for burning the store and its contents. At that time Slone was conducting a small store in the county, and immediately upon the rendition of the judgment Isaacs caused an execution to issue and to be levied upon Slone's stock of goods. At the sheriff's sale Slone's stock of goods netted $267.45, which amount Isaacs credited upon his judgment. Subsequently, on October 25, 1909, Isaacs brought this creditor's bill for the purpose of collecting the unpaid portion of his judgment debt, and to subject thereto a tract of land which he claimed Slone had transferred to Norris for the purpose of defeating the collection of the Isaacs judgment. Norris claims to be a bona fide purchaser for value, and without notice of any fraudulent intent upon the part of Slone. The circuit judge refused to recognize Norris' claim, and subjected the land to the payment of Isaacs' debt, and from that judgment Slone and Norris prosecute this appeal.

The question presented for the decision is one of fact only. Norris claims that he bought one-half of the tract of land in question from Slone in January or February, 1907, for $200.00; and that he had paid $100.00 of that sum before the fire occured on August 24, 1907, and $45.00 additional before the investigation of the fire by the grand jury at the September Term of the court in 1907. But, when called upon to show how he had paid this $145.00, Norris says he paid $78.00 by transferring to Slone five head of cattle; that he paid $45.00 thereof by selling Slone a yoke of steers; and the further sum of $23.00 by endorsing to Slone a check which Jim Miller had given to Norris. Miller's bank account, however, was put in evidence, and it does not appear that Norris ever held the check which he claims to have so used. Norris further claims that he finished paying for the first half interest in the property on February 2, 1908, and that Slone then sold him the remaining half interest in the land for $250.00, and gave him a title bond of that date which recited that Slone had that day sold to Norris the entire tract of land for $450.00, of which amount $400.00 was paid in cash on that day. The title

bond is the only evidence of title that Norris ever procured from Slone. Norris says he paid the last $250.00 on February 2, 1908, by paying $200.00 in cash, and by turning over to Slone two $25.00 checks which had been given by Jim Miller, one to appellant Clay Norris and the other to his brother, Ben Norris. It further appears, however, from the testimony of Hays, the bank cashier, that Miller never drew the two checks which Clay Norris claims to have used in making this payment, and there is no satisfactory evidence showing how he obtained the $200.00 which he claims to have paid in cash.

On the other hand, appellee proves that Slone returned the land in question for taxation for the year, 1908, and that appellant Norris returned nothing for taxation for that year.

It further appears from the testimony of Alfred York and John Burnham, two of the grand jurors who investigated the burning of Isaacs' store, that the appellant Norris was before the grand jury and testified; and, when asked if he had bought this land of Slone, he said he had bought it, but being unable to pay for it, he had given it back to Slone. Norris claims that he did not make this statement, and brings the testimony of three members of the grand jury, who say he did not make the statement above referred to, or at least that they did not hear him make it. One of these witnesses however, was quite deaf, and heard with difficulty.

Furthermore, when Johnson was arrested in September for burning Isaacs' store, Slone was active in procuring a bond for Johnson's release; and, in order to qualify as surety upon the bond, Slone swore that the land in controversy belonged to him, was completely paid for, and had no incumbrance upon it. Norris is the half-brother of Slone, and at the time of the alleged sale in 1908, Norris was about 21 years of age.

The testimony is quite contradictory; and, under the rule which requires us to give due weight to the chancellor's finding of facts under conflicting evidence, and not to disturb his judgment on the facts, where the evidence is conflicting, and the mind is left in doubt as to the truth, we do not feel justified in disturbing it. Kirkpatrick's Exor. v. Rehkoph, 144 Ky., 134.

Judgment affirmed.