## Hunt Contracting Company v. Tate.

(Decided March 12, 1913.)

### Appeal from Whitley Circuit Court.

1. Appeal—Motion to Dismiss—Amount of Judgment and Counterclaim—Sufficient to Give Jurisdiction.—While the judgment was for only $140, the amount of it and the counterclaim combined is sufficient to give this court jurisdiction, and the motion to dismiss the appeal will be overruled.

2. Instructions—Action to Recover Net Profits—Pleading.—In an action for the recovery of net profits which plaintiff claims he would have made had he been permitted to complete a contract for concrete work, the pleadings presenting but the single issue of profits, an instruction authorizing a recovery upon a quantum meruit for the value of that part of the work which he actually did, was erroneous.

STEPHENS & STEELY for appellant.

E. G. UNDERWOOD, R. L. POPE and R. S. ROSE for appellee.

Opinion of the Court by Judge Turner—Reversing.

Appellee instituted this action against appellant in the Whitley Quarterly Court, alleging that early in March, 1912, he entered into a contract with appellant company under the terms of which he was to construct for it certain concrete piers and culverts along the line of a spur track or short railroad, which appellant was building under contract; that he began the work of constructing said piers and culverts, and had done some considerable part thereof, and was able and willing to complete the same according to the plans and specifications, but that, without fault upon his part, appellant refused to permit or allow him to continue the work, or to finish the same under his contract; and prayed for a judgment for his net profits which he claims he would have made if he had been permitted to have finished the work under the contract, amounting to $198.00.

Appellant answered denying some material parts of the petition, and further entering a counterclaim against appellee for damages because of the negligent and unskillful manner in which he had done that part of the work done by him, and alleging that appellee had torn out a dam built by appellant, and turned a stream of water on to some of its new work, whereby it had been damaged in the sum of $350.00.

Thereupon, the case was transferred to the circuit court, and upon a trial resulted in a verdict for appellee for $140.00, and appellant's motion and grounds for a new trial having been overruled, it appeals.

The only ground it is necessary to consider is the one dealing with the instructions.

Appellee has entered a motion in this court to dismiss the appeal because the judgment of the circuit court being for only $140.00, this court has no jurisdiction of the same. But appellant in the lower court had a counterclaim against appellee for $350.00 upon which it was defeated in that court, and the amount of the counterclaim and that of the judgment combined being sufficient to give this court jurisdiction, the motion is overruled.

Joseph v. Harrison, 146 Ky., 65.

Walter A. Wood & Co. v. Taylor, 104 Ky., 217.

The appellee's pleadings presented but the one single issue, and asked for a judgment only for the estimated profits, which he would, as he claimed, have made if he had been permitted to complete the contract; there is

nothing in the pleadings seeking to recover on a *quantum meruit* for the value of that part of the work which he actually did, and yet the court in instruction three authorized a recovery by appellee in such sum as the jury might believe was the fair and reasonable value of the work actually performed by him under the contract, if it was accepted by appellant.

If appellee's petition had sought to recover for the value of the work done by him, appellant as shown by the evidence could have pleaded against it certain items for material furnished, labor paid for, etc. As there must be a new trial of this case for the error indicated, we have not considered the other grounds for a new trial, as it is improbable that the same will occur upon a new trial.

The judgment is reversed with directions to grant appellant a new trial, and for further proceedings consistent herewith.