## Ford Lumber & Manufacturing Company v. Cornett, et al.

(Decided October 10, 1916.)

### Appeal from Perry Circuit Court.

Appeal and Error—Jurisdiction—Set-off and Counter-claim.—In considering the amount necessary to give the Court of Appeals jurisdiction, the sums claimed by the defendant in his set-off, or counter-claim, and which were disallowed by the trial court, will be taken into consideration, and if these sums so disallowed are sufficient in the aggregate to give this court jurisdiction, or, when added to the judgment against the appellant are sufficient to give the court jurisdiction, the appeal will be considered, and a motion to dismiss it will be overruled.

2.  Appeal and Error—Finding of Chancellor.—Considerable weight
    should be given by the Court of Appeals to the findings of fact
    by a chancellor, and if the whole of the testimony leaves the mind
    of this court in doubt, the findings of the chancellor will be up-
    held; but if the testimony convinces this court that the findings
    of the chancellor are against the preponderance of the testimony,
    and against the weight of it, his judgment will be set aside, and·
    such judgment will be ordered as, in the opinion of this court,
    is authorized by the testimony.

J. W. CRAFT, T. E. MOORE, JR., and W. H. MILLER for appel-
lant.       ·.

WOOTTEN & MORGAN and P. T. WHEELER for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

This suit was brought on an open account of Arch
Cornett against the defendant corporation (appellant),
by which the plaintiff sought to recover from the de-
fendant the sum of $436.89, which, it is charged, is a
balance that the defendant owed the plaintiff for goods,
wares and merchandise sold and delivered to it during
the period from October 30, 1905, to December 23, 1909.
Besides the merchandise charged to have been sold and
delivered to defendant, there is incorporated into the
account various sums due the plaintiff from the defend-
ant growing out of a contract entered into between the
parties of date July 3, 1906, whereby the plaintiff, Cor-
nett, agreed "to cut and saw into saw logs and place on
good, strong skids all the timber owned by the second
party (defendant) on the waters of Mason's Creek and
Defeated Creek; skids must be located on roads, or
where wagon roads can be made where wagons can get
to them, and logs placed on skids in·such manner that
they can be easily loaded by two men."

The answer is a denial, and is also made a counter-
claim. A recovery was sought to be had therein against
the plaintiff because, as is charged, he did not comply
with his contract concerning the cutting, sawing and
placing of the timber, in that he failed to place a large
number of logs "on skids located on roads, or where
wagon roads could be made, where wagons can get to
them;" and that the defendant was thereby compelled
to, and it did, expend $301.17 in skidding and collecting
the logs in such places as to enable it to get to them
with wagons on that part of the job on Defeated Creek;

and it spent for the same purpose on the logs to be cut from Mason's Creek the sum of $225.75. It is furthermore charged by way of counter-claim that the defendant did not complete his contract to cut, saw and locate the logs, as specified, within the time agreed upon, which was "on or before the first day of January, 1907," and that many of the logs which had been cut in the woods previous to that time became damaged by decay and sun cracks in a total sum of $527.22. Judgment was asked on the counter-claim for these various amounts.

The case is not altogether so hoary as "Jarndyce v. Jarndyce," but it has been pending sufficiently long for it to have been the first case of the attorneys for the parties and for them to now be qualified, because of their length of practice, to fill the office of circuit judge within this Commonwealth, or that of a member of this court. During its pendency, on motion of defendant, it was referred to the Master Commissioner to take proof and report upon the matters contained in the account of plaintiff, as well as those in the answer and counterclaim of the defendant. The report was filed in which the commissioner allowed the entire claim of plaintiff, and disallowed all claims of the defendant. To this report the defendant filed exceptions, and upon trial thereof, as well as "upon the whole case," as is recited in the judgment, the chancellor found the total amount due the plaintiff to be $251.17, instead of the amount sued for, and allowed the defendant on that part of its counter-claim seeking to charge the defendant for failing to properly place the logs, as required by his contract, the sum of $50.00, and gave judgment in favor of plaintiff for the sum of $201.17, and from this judgment the defendant prosecutes this appeal. It may be stated here that since the filing of this transcript in this court the plaintiff, Arch Cornett, has died, but the appeal has been properly revived against his personal representatives, as well as his heirs, it not being necessary, however, that the revivor should have been made against the latter.

Attorneys for appellee insist that this court has no jurisdiction of this appeal, because the judgment is for a sum of money less than five hundred dollars and was granted by the court below, and that under subsection 3, section 950 of Ky. Statutes a motion for appeal in this court is necessary. Counsel, however, overlooked

the fact that under frequent rulings of this court the amount involved necessary to give this court jurisdiction on appeal is not limited to the judgment recovered, but likewise includes amounts sought to be recovered by way of set-off or counter-claim, and which were denied by the judgment appealed from. Richard v. Goodpaster, 25 Ky. Law Rep., 889; Kefauver v. Kefauver, 26 Ky. Law Rep., 1058; Singer Sewing Machine Co. v. Witt, 26 Ky. Law Rep., 213. The amount involved is not only the judgment which was rendered against appellant, but also the sums for which it prayed judgment against the appellee, and which the lower court dismissed. It is manifest that this contention of appellee's counsel cannot be upheld. This leaves for consideration only questions of fact.

It is shown by the testimony that the defendant did not, in person, do any of the work imposed upon him by his contract relative to the preparing of the logs, as specified therein. He seems to have sub-let this work to others, and we gather that he had, by the first of January, 1907, when he should have completed the contract under its terms, scarcely made a beginning, and almost the entire work was done during the years 1907 and 1908. In regard to the non-fulfillment of the contract in the respects complained of, with reference to the timber on Defeated Creek, it is admitted by a letter written by plaintiff that his sub-contractors had not placed the logs as required by the contract in these particulars; and that a great number of them were not collected together by plaintiff or his agents in such places as the contract specified. It is, however, furthermore shown that the sums expended by defendant for the collection of these logs were credited by the plaintiff on the account upon which he based his suit. The court, therefore, properly refused to allow any part of the $301.17 sought to be recovered by the counter-claim for this delinquency.

In regard to the logs on Mason's Creek, it is shown beyond dispute that the sum sought to be recovered on the counter-claim, expended by defendant because of plaintiff's failure to comply with the contract concerning them, was $225.75, but it is insisted that this was unnecessary, and defendant should not be allowed to recover it as against the plaintiff, because, in regard to these logs, plaintiff contends the contract was fully complied with. Upon the issue of compliance with the con-

tract relative to the logs on Mason Creek the testimony is no stronger in favor of plaintiff than it is with reference to the logs on Defeated Creek, and it is conceded that the contract was not complied with in regard to the logs on the latter creek. There is but one witness who testified for plaintiff to the effect that the logs on Mason Creek were properly collected and skidded, as required by the contract, and he admits that he did not collect all of them, as was required by the agreement, but excuses himself because, he says, the defendant, through its agent, informed him that it was unnecessary, and he, therefore, abandoned the job and removed his teams. Three witnesses, who stand unimpeached in this record, state that the logs were scattered promiscuously through the forest, many of them were not collected together at all, and frequently the collections into piles were at such places as that it was impossible to get to them with wagons, and that the defendant had to remove them to places where they could be put upon the wagons and hauled to the mill, and that it was this work for which the $225.75 was expended.

The rule in this State is that a finding by a chancellor on a matter of fact will not be disturbed on appeal, where the evidence is conflicting and the mind is left in doubt as to the truth. Kirkpatrick's Exr. v. Rehkoph Saddlery Co., 144 Ky., 129; Norris v. Isaacs, 149 Ky. 709, and many other decisions which we might refer to. The rule seems to be that if the evidence is conflicting, and the mind is in doubt relative to the truth of the matter, the decision of the chanceller upon the facts will be given sufficient weight to resolve the doubt in favor of his finding. But it is equally the rule that if his finding is against the preponderance of the evidence, or, if upon the face of the record, we are convinced that the chancellor erred in his finding of fact, it is then our right, as well as our duty, not to be guided by his judgment, but to render such judgment as we are convinced the testimony justifies. Deatley v. Tolle, 29 Ky. Law Rep., 1111; Wathen v. Wathen, 149 Ky. 504; Coomes Bros. v. Grigsby & Co., 151 Ky. 394, and many other cases. The rule does not require that the findings of the chancellor shall be palpably against the evidence before it can be disturbed on appeal, as is the case with the verdict of a jury. It is only necessary that his findings are not supported by the weight of the evidence.

Coomes Bros. v. Grigsby, 151 Ky. 394; Farmer v. Hampton, 154 Ky. 83. Guided by the rule just stated, we are convinced that the judgment of the chancellor was against the weight of the evidence, which leaves in our minds no doubt that defendant should have been allowed on its counter-claim the sum of $225.75, being the amount expended in collecting the logs on Mason's Creek, as plaintiff had agreed but failed to do, instead of only the $50.00, which the court did allow. This would necessitate a reduction of the judgment of $175.75, leaving a balance of $25.42, for which judgment should have been rendered in favor of plaintiff.

It is seriously insisted that defendant should have been allowed at least some portion of its item for damages which it claims to have sustained because of a failure of the plaintiff to perform its contract by January 1, 1907, whereby the logs were caused to remain in the woods and become injured in the manner hereinbefore specified. It may be said that there is some proof to the effect that at least a portion of the logs were damaged, as contended, but it must not be forgotten that after the expiration of the contract the defendant had a right to either procure others to carry out the plaintiff's contract, and to have collected the logs so that they could have been carried to the mill, or to have itself done these things, but it failed to do so and permitted, by its non-action, the logs to remain cut and upon the ground, exposed to the elements so that the damage occurred, and it will not be permitted to recover such damage when it had in its power the opportunity to prevent any such damage. It was by its acquiescence that the plaintiff was permitted to work under the contract as long as he did, and likewise through its acquiescence that the logs remained exposed to the weather as long as they did. We are therefore convinced that the chancellor did not err in disallowing any damage for this item.

Wherefore, the judgment is reversed, with directions to enter a judgment in favor of appellees for the sum of $25.42.