## Nunn, et al. v. Howard.

(Decided November 23, 1926.)

### Appeal from Harlan Circuit Court.

1. Appeal and Error—Court of Appeals had Jurisdiction of Appeal from Judgment where Sum Involved was More than $200.00 (Kentucky Statutes, Section 950-3).—Where sum of judgment for plaintiff, in action for unpaid portion of purchase price of land, and items disallowed on defendant's counterclaim, made amount in excess of $200.00 required by Kentucky Statutes, section 950-3, Court of Appeals had jurisdiction of appeal.

2. Fraud—Counterclaim by Purchaser of Land for Misrepresentation as to Well Held Not Action on Warranty Requiring Introduction of Deed.—In action for unpaid portion of purchase price of land,

counterclaim for price of drilling well, after existing well, represented as good and lasting, had gone dry, held not action on warranty requiring introduction of deed containing warranty, claimed breached; it being immaterial whether deed contained any provision relating to well.

3.   Fraud.—Vendor who represented that water in well on farm sold was good and lasting, which representation was untrue, held liable in damages.

4.   Fraud.—Measure of damages for misrepresentations that water was good and lasting in well on farm sold held to be reasonable cost of drilling new well.

HALL, LEE & SNYDER for appellants.

J. S. FORESTER for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Jesse W. Howard sold to G. C. Nunn and his wife, Mary Nunn, a house and lot in Harlan county for $2,250.00. Of this sum $2,000.00 was paid, and this suit was brought to collect the balance. The defendants filed an answer and counterclaim in four paragraphs. In the first paragraph they pleaded that as part of the consideration of the purchase of the real estate they were to have 115 chickens of the value of $125.00 and five tons of coal of the value of $25.00, which plaintiff agreed but failed to deliver to defendants. In the second paragraph they pleaded that they were compelled to pay taxes for the year 1922 amounting to $13.95, which were due and payable by plaintiff. In the third paragraph they pleaded that for the purpose of inducing the defendants to purchase the place plaintiff represented that there was an unfailing well on the premises; that this representation was false, and was known by the plaintiff to be false when made; that defendants did not know of its falsity and relied on the representations in making the purchase; and that by reason of the fact that the well did not furnish any water they were compelled to drill another well at a cost of $158.00. In the fourth paragraph they pleaded that they had been compelled to pay the sum of $38.00 as garnishees in an action brought against plaintiff. The case was referred to the master commissioner to hear proof on the issues made and report his findings. The commissioner allowed as credits on the note $50.00 for the chickens, $15.00 for coal, $13.92 for taxes and $38.03, the sum paid by defendants as garnishees, making a total of $116.95, but made no finding on the item of $158.00 for

drilling the new well. Defendants' exceptions to the commissioner's report were overruled, and on final hearing judgment was rendered in favor of plaintiff for $250.00, subject to a credit of $116.95 with interest from October 17, 1921. Defendants have prayed an appeal.

As the sum of the judgment in plaintiff's favor and the items disallowed on defendants' counterclaim makes the amount in controversy more than $200.00, this court has jurisdiction of the appeal. Section 950-3, Kentucky Statutes; F. W. Hunt Contracting Co. v. Tate, 152 Ky. 739, 154 S. W. 12.

The principal item in dispute is the claim of $158.00 for drilling a new well. Counsel for appellee insists that this item was properly disallowed as no warranty of the well was contained in the deed. The counterclaim is not an action on a warranty, but an action for deceit based on representations knowingly and falsely made for the purpose of inducing the purchase, and on which the purchasers had a right to rely and did rely. It is not essential to the maintenance of an action that the deed contain any provision bearing on the question. Salyer v. Blessing, 151 Ky. 459, 152 S. W. 275. On this phase of the case appellants both testified that appellee told them that the water in the well was good and lasting; that on one occasion they went to the well and appellee drew out some water that was muddy. On calling his attention to the condition of the water appellee said it was good water and would give them a drink of it at his house. They then went to the house and he gave them a drink of good water. Appellee also stated that the well never went dry. On the other hand, appellee testified that he told appellants that the well had been furnishing water for his use until the dry weather, and also stated that at that time he was carrying water from a neighbor's house. He did not tell them that the water was lasting water. He admitted that he told them that the well was as dry then as it ever had been and at the time he was carrying water from the home of a neighbor. He did tell them that the well furnished water up to that time. He did not ask them to go to his house and taste the water so that they could see what fine water it was. He admitted that they did go to the house and get some water, but stated that was probably the first time before they made the trade and not on the day that he drew the muddy water out of the well. When this evidence is considered in the

light of the fact that appellants were on the premises for the purpose of examining the well and testing the water we are constrained to hold that appellee represented that the water was good and lasting, and gave them at his home a drink of water which he had gotten elsewhere as a sample of the quality of the water in the well. That being true, it follows that appellee is liable in damages for the representations so made, McGuffin v. Smith, 215 Ky. 606, 286 S. W. 884, and that in the circumstances the most accurate measure of damages is the reasonable cost of drilling the new well. It follows that the item of $158.00 should have been allowed.

As the commissioner allowed only $50.00 for the chickens and appellee admitted that he received $62.00, the allowance for this item should be increased by the sum of $12.00.

Wherefore, the appeal is granted, and the judgment is reversed and cause remanded with directions to enter judgment in conformity with this opinion.