## Perry Garage, et al. v. Combs, et al.

(Decided October 28, 1927.)

### Appeal from Perry Circuit Court.

1. Livery Stable Keepers.—In action under Civil Code of Practice, sections 180, 193, to recover possession of an automobile, adjudging damages to plaintiff because of defendant's detention of the car was error, where plaintiff delivered it to defendant to be repaired, and having lien for reasonable charges for repairs, under Ky. Stats., sections 2739h-1, 2739h-2, defendant's possession was not wrongful.

2. Livery Stable Keepers.—In action under Civil Code of Practice, sections 180, 193, to recover possession of an automobile delivered to a garage for repairs, evidence held to show that reasonable value of the automobile at time of delivery did not exceed $400.

3. Appeal and Error.—Generally, if the evidence is conflicting, decision of the chancellor on facts should be given sufficient weight to resolve any doubt in favor of his finding.

4. Appeal and Error.—If finding of the chancellor is against preponderance of evidence, then the Court of Appeals should render such judgment as may be authorized by evidence.

5. Appeal and Error.—Where automobile was delivered to garage for repairs and was sold, under Ky. Stats., sections 2739h-1, 2739h-2, for charges, and where evidence showed its value at time of delivery to garage was $400, and that garage's charges were excessive, and its sale of the car for $666.55 was not made in good faith, Court of Appeals must assume, in owner's suit to recover possession of car, that garage sold the car for its actual value, and render judgment for owner of $400, its value at time of delivery without repairs.

FAULKNER & FAULKNER and J. W. CRAFT for appellants.

EVERSOLE & TURNER and JOHN E. CAMPBELL for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The appellant Harry Taylor, doing business as the Perry Garage, undertook to repair an automobile owned by the appellees. The automobile had been purchased by

the appellee Dewey Combs in 1923 and was badly damaged in a wreck about a year thereafter. After the wreck appellees purchased and placed on the car about $200 worth of materials, but the car failed to run and was delivered to appellant to be repaired.

On January 8, 1925, appellant wrote and mailed a letter to each of the appellees, notifying them that the repairs on the car had been completed and that the charges amounted to $667.55. Appellees claim they did not receive these letters. After the expiration of 30 days, appellant advertised the car for sale to pay the charges as authorized by sections 2739h1 and 2739h2, Kentucky Statutes. On February 19, 1925, the day the sale was advertised to be made, the appellees brought this action to recover the possession of the car, the proceedings being under chapter 2, tit. 8; of the Civil Code of Practice. It was alleged in the petition that the car was worth $750; that the defendant was wrongfully withholding the possession thereof; and that the plaintiffs had been damaged in the sum of $100 by reason of the wrongful detention.

The defendant executed bond as authorized by section 188 of the Civil Code and retained possession of the car. The car was sold at the time and place advertised to the Green-Taylor Electric Company for $667.55, the amount of the charges for repairs. The appellant Harry Taylor was the manager and principal stockholder of the Green-Taylor Electric Company. A few weeks after the sale, the Green-Taylor Electric Company sold the car to Arlene G. Taylor, wife of appellant Harry Taylor, and she later sold the car to an unidentified person in Louisville, Ky.

By agreement the case was transferred to the equity docket and was prepared and tried as an equity case. The chancellor found that when the writ of delivery was issued the appellant had wrongfully detained the car and the appellees were the owners and entitled to its immediate possession. He further found that the car was at that time worth $750, and that the appellees had been damaged in the sum of $100 by reason of its wrongful detention, and that the reasonable value of the work done and materials furnished by appellant amounted to $150, and judgment was entered against appellant for the sum of $700. The chancellor was clearly in error in adjudging any sum in damages due appellees because of appel-

lant's detention of the car. Appellees had delivered the car to appellant to be repaired and his possession was not wrongful. Under section 2739h1 of the Statutes he had a lien on the car for the reasonable charges for repairs and had the right to retain it in his possession until the reasonable charges had been paid.

The evidence as to the value of the car when it was delivered to appellant to be repaired is conflicting, but it is shown by the preponderance of the evidence that its reasonable value at that time was not to exceed $400. Witnesses for appellees testified that it was reasonably worth $750, but none of them were skilled mechanics, nor did any of them make a careful examination of the car after it was wrecked and before it was repaired. On the other hand witnesses for the appellant, most of whom were mechanics and who carefully examined the car, testified that its value was much less than that placed on it by appellees' witnesses; some of them placing its value as low as $250. The car had cost $1,450 when it was new and had been in two wrecks, and, taking into consideration its condition after the last wreck as shown by the evidence and the depreciation due to use and to its being an older model, we are convinced that its reasonable value at the time it was delivered to appellant to be repaired, was not to exceed $400, and this conclusion is supported by the weight of the evidence.

The general rule is that, if the evidence is conflicting, the decision of the chancellor upon the facts should be given sufficient weight to resolve any doubt in favor of his finding; but, if his finding is against the preponderance of the evidence, then this court should render such judgment as may be authorized by the evidence. Ford Lumber & Mfg. Co. v. Cornett, 171 Ky. 404, 188 S. W. 466; Chesapeake & Ohio Railway Co. v. Johnson, 218 Ky. 550, 291 S. W. 744. The evidence shows that the work done by appellant was considerable, but that his charges were excessive. Appellant's acts did not have the appearance of the utmost good faith on his part, and, in view of the state of the record, we must assume that he sold the car for its actual value, which would be its value when delivered to him plus the reasonable value of the work done and materials furnished by him. As we have concluded that the reasonable value of the car without the repairs made by appellant was $400, a judgment should be entered against him for that amount.

Wherefore the judgment is reversed, with directions to enter a judgment in favor of appellees for the sum of $400, with interest from February 19, 1925.