## Schachleiter v. Watson.

(Decided November 8, 1929.)

J. W. McKENZIE for appellant.

A. N. CISCO for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—
Reversing.

The appellee, Andrew Watson, as plaintiff below, filed this action against appellant, and defendant below, Gordon Schachleiter, in which he sought the recovery of judgment against defendant for the value of a diamond ring which plaintiff fixed in his petition at the sum of $225, and which he alleged defendant had converted to his own use. It was further alleged in the petition that plaintiff borrowed from defendant $45 to be paid within 30 days, and to secure it he pledged to defendant his diamond ring of the value above stated; that he, at the expiration of the 30 days, tendered to defendant the amount of the loan with interest to that time, and demanded the return of the pledge, but defendant refused to produce it and had repeatedly so failed upon demands made thereafter. The answer, as finally amended, admitted practically all of the averments of the petition, except it denied that the pledged ring was worth $225, but only $75.

In a second paragraph, defendant averred that he made the loan to plaintiff for the latter's accommodation, and that he took the ring to the place of his abode and put it in a receptacle containing another ring and other articles of jewelry belonging to him and kept the pledge with his jewelry in that receptacle; that shortly before the loan became due, his abode was entered by burglars who prized open the receptacle containing the pledge and his jewelry and took all of it away, and that he had notified the police department of the city of Ashland of the burglary and also notified similar departments in surrounding towns, but had been unable to find either the thief or any of the jewelry, and that such burglarizing was done without his knowledge or consent and against his will, and that he exercised due, proper, and necessary care in preserving the pledge. Proper pleadings made the issues, and upon trial the court orally instructed the jury, by consent of parties, but none of which instructions were copied in the record or brought to this court.

The bill of exceptions, after reciting that the instructions were orally given, says: "Whereupon counsel for defendant immediately asked the court to permit him to argue the case to the jury and the court refused to allow counsel for defendant to argue the case at all, to which refusal of the court defendant excepted." The jury

returned this verdict: "We the jury find that the plaintiff, Andrew Watson, should have the full value of the ring, $225, less $45.00." The court rendered judgment in favor of plaintiff in accordance therewith. Defendant's motion for a new trial was overruled, and he filed a transcript of the record in this court with a motion for an appeal.

The only question argued by counsel for plaintiff (the appellee) in this court is that their motion to dismiss the appeal for want of jurisdiction in this court should be sustained. They do not discuss in their brief the error relied on (and hereinafter referred to) by appellant's counsel for a reversal of the judgment. A great number of cases are cited by counsel for appellee in support of their motion to dismiss the appeal to the effect that, where the amount involved is less than the minimum sum for which an appeal may be prosecuted to this court, it has no jurisdiction, and the attempted appeal from a judgment involving less than such minimum jurisdictional amount should be dismissed.

It could serve no useful purpose to catalogue those cases in this opinion, since the doctrine announced by them neither is nor can be disputed by any one. But the trouble with counsel's contention is that the amount here involved, so far as appellant is concerned, is $225, since under the verdict and judgment he is required to pay plaintiff $180 and lose his debt of $45, and which it is perfectly plain, takes from him both of said amounts, aggregating $225. That proposition is so plain as not to be misunderstood by the proverbial "wayfaring man," and for that reason a list of some of our opinions so determining would seem to be superfluous; but for the satisfaction of counsel we append the following: Nunn v. Howard, 216 Ky. 685, 288 S. W. 678; Ford Lumber & Manufacturing Co. v. Cornett, 171 Ky. 404, 188 S. W. 466; Hunt Contracting Co. v. Tate, 152 Ky. 739, 154 S. W. 12; Kefauver v. Kefauver, 83 S. W. 119, 26 Ky. Law Rep. 1058; and Singer Manufacturing Co. v. Witt, 118 Ky. 344, 80 S. W. 1124, 26 Ky. Law Rep. 213. It is therefore patent that the motion to dismiss the appeal should be and it is overruled, and which brings us to a consideration of the only question relied on for reversal, which is that the court erred to the substantial prejudice of appellant in declining to permit him to argue the case to the jury.

Section 317 of our Civil Code of Practice makes provision for the "Order of Proceeding in Trial," and subsection 6 of that section prescribes in part "the parties may then submit or argue the case to the jury." Long before the enactment of the Civil Code, a part of which is the section referred to, this court, in the case of Belmore v. Caldwell, 2 Bibb 76, reversed the judgment appealed from upon the sole ground of unauthorized restraints put upon counsel by the court in the argument of the case to the jury, and in doing so the opinion said: "But we think the court erred in restraining the plaintiff's counsel from arguing the fact before the jury. The right of appearing by counsel, and arguing matters of fact involved in the cause, is a right which the court ought not to have denied to the party"—and solely because the court violated that right the judgment was reversed. To the same effect are the cases of Sodousky v. McGee, 4 J. J. Marsh. 267; Wilken v. Exterkamp, 102 Ky. 143, 42 S. W. 1140, 19 Ky. Law Rep. 1132, and Hyman & Co. v. Snyder Co., 159 Ky. 354, 167 S. W. 146. Numerous are the opinions from this court, among which is the last one cited above, holding that it was prejudicial error in the trial court to unreasonably limit the time for argument of the case to the jury. It necessarily follows that, if such unreasonable limitations would alone authorize a reversel of the judgment, an absolute denial of the right to argue the case should be followed by the same consequences.

In the Wilken case, after citing the section of the Code, supra, and prior cases from this court, we said: "This court has frequently reversed cases because the court below did not allow counsel for litigants to proceed in proper order in the argument. It has likewise recognized the right of the court to place reasonable and proper limitations upon counsel in the argument of cases. It seems to us there can be no doubt that the right exists for litigants to have their causes argued by counsel in trial courts, where there are disputed facts." In the Hyman & Co. case the trial court limited the argument to ten minutes on a side to which objection was taken by counsel for appellant, and, while it was admitted in the opinion that the court possessed a large discretion in measuring the time for argument to the jury, yet, if that discretion was abused (and which was so determined in that case), a reversal would be ordered therefor, and the discussion of the question was closed by this court saying: "In this case a time limit of 10 minutes amounted

to a practical denial of that right (the right of argument). For this reason, the judgment must be reversed.''

In this case there was a sharp conflict in the testimony as to the value of the diamond ring pledged by plaintiff to defendant and which the former alleged was wrongfully converted, and there was also an issue as to defendant's liability for the value of the ring under the defense pleaded in his answer and which was uncontradictedly established by the evidence; but, since the instructions of the court were not made part of the record, we cannot and will not enter upon a discussion of that defense.

For the reasons stated, the motion for an appeal is sustained, and the appeal is granted, and the judgment is reversed, with directions to set it aside and for proceedings consistent with this opinion.