## Taylor v. Combs et al.

(Decided January 14, 1930.)

FAULKNER & FAULKNER for appellant.

W. C. EVERSOLE, J. K. P. TURNER and JOHN E. CAMPBELL, for D. and G. Combs.

W. A. STANFILL for D. Poulas and Mrs. D. Poulas.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Reversing.

Grant Combs and Dewey Combs brought this action against the Perry Garage, Harry T. Taylor, D. Poulas, Mrs. D. Poulas, and Arlene G. Taylor, alleging in their petition that at the April term, 1926, of the Perry circuit court they recovered judgment against the Perry Garage and Harry Taylor for the sum of $850, subject to a credit of $150, and that the defendants in the judgment, desiring to appeal the case to the Court of Appeals, executed a supersedeas bond which they signed, and it was also signed by D. Poulas, Mrs. D. Poulas, and Arleen G. Taylor. The bond is copied in the petition, and after setting out the judgment, it reads as follows: "Now we, D. Poulas, Mrs. D. Poulas and Arlene G. Taylor, sureties, hereby covenant with," etc. The plaintiffs alleged that, on the hearing of the appeal, the judgment was reversed, and the cause remanded to the lower court, with directions to enter a judgment for $400 and costs, and that this was done at the next term of the Perry circuit court, but that the defendant had failed and refused to pay the $400 or the costs of the action. Mrs. Arlene Taylor filed an answer in which she pleaded that she was a married woman and only a surety in the bond, and relied upon her coverture in bar of the action against her. Mrs. Poulas filed a similar answer. The plaintiffs filed a reply to the answer of Mrs. Taylor, in which they denied that she signed the bond as surety, and alleged that she was one of the principals in the bond and a party defendant in the action and judgment in which the bond was executed. D. Poulas filed his answer and cross-petition, in which he alleged, in substance, that Mrs. Taylor was a partner in the business of the Perry Garage and one of the joint owners of the business. He made his answer a cross-petition against her, and prayed judgment requiring her to pay the bond and save him harmless.

No rejoinder having been filed to the reply and without any process of the cross-petition, the court entered judgment on the bond against Mrs. Taylor and also judgment in favor of D. Poulas against her on his cross-petition. She filed a motion to set aside this judgment, and in support of this motion offered to file her rejoinder to the plaintiff's reply and her answer to the cross-petition of Poulas, and in support of this motion she filed the affidavit of her attorney showing these facts: The attorney was present in court on Saturday, February 2, 1929, when the case was called for trial, and it was then passed because of the absence of the attorney for Mrs. Poulas. On Monday morning, February 4, the parties were in the courtroom, and a settlement was discussed between Poulas and the plaintiffs. On Tuesday morning, February 5, nothing was said about the case, and nothing was said about it on Wednesday morning, February 6. After the motion hour, Mrs. Taylor's attorney spoke to one of the attorneys and told him that he wished to traverse the plaintiff's reply if a settlement was not reached, and the plaintiff's attorney then told him something about the negotiations for a settlement. After this one of the attorneys for the plaintiffs called the circuit judge into a room adjoining the court-room, and, while the judge was in there, without any notice to Mrs. Taylor's attorney, the case was taken up between the persons in the room, and the judgement was subsequently drawn and entered before Mrs. Taylor's attorney had any notice of what was going on. The affidavit of the attorney as to how the judgment came to be entered showing that he was ready at all times to proceed with the case but for the proposed settlement that was talked about stands admitted. The circuit court overruled the motion to set the judgment aside and allow the pleadings to be filed. Mrs. Taylor appeals.

By section 340, subsec. 3, of the Civil Code of Practice, a new trial may be granted for "accident or surprise which ordinary prudence could not have guarded against." Here the admitted fact is that the defendant's attorney was in court. He had not filed a rejoinder to the reply because a discussion of a settlement was in progress. He was waiting in court for the case to be called, and, without anything being said in open court about the case, one of the attorneys called the judge in a room in the courthouse, and there, without any notice

to the attorney on the opposite side, the judgment was given. Such a proceeding cannot be sustained. Cases should be heard in open court and not elsewhere unless upon adequate notice to all concerned. It is a well-settled rule of this court that, where a judgment has been entered by reason of accident or surprise, a new trial will be granted. Reinicke v. Morse, 10 S. W. 468, 10 Ky. Law Rep. 767; Chesapeake & O. R. R. Co. v. Hickey, 22 S. W. 441, 15 Ky. Law Rep. 112; Hayden v. Moore, 4 Bush, 107.

As there had been no process upon the cross-petition, the case did not stand for trial thereon, and the judgment was permature and should be set aside.

The judgment against Arlene Taylor is not only for $400, with interest, but the further sum of $56.10 the cost in the Perry circuit court. While the petition alleged that the cost was recovered in the former action, it did not allege the amount of these costs, and there is nothing in the record warranting the judgment. The petition is insufficient to sustain a judgment for anything over $400, as no amount of cost was alleged.

The record of the former appeal has been placed with this record. This shows that the judgment there was against the Perry Garage and Harry Taylor. Arlene Taylor was not a party to the appeal which was prosecuted by the Perry Garage and Harry Taylor. Perry Garage v. Combs, 221 Ky. 576, 299 S. W. 196. The plaintiffs' petition seeks to hold Arlene Taylor liable on the supersedeas bond. If they desire to hold her liable on the ground that she was a partner in the Perry Garage, the plaintiffs should amend their petition and allege the facts.

Appeal granted. Judgment reversed, and cause remanded, with directions to the circuit court to set aside the judgment and allow Mrs. Taylor's rejoinder and answer to the cross-petition to be filed and for further proceedings consistent herewith.