## Warfield Natural Gas Co. v. Maynard et al.

May 12, 1942.

Wells & Wells and Harold A. Ritz for appellant.

S. M. Maynard and J. L. Harrington for appellees.

OPINION OF THE COURT BY JUDGE REES—Dismissing appeal.

The appellees brought this action against the Warfield Natural Gas Company to recover damages to their property allegedly caused by the negligent maintenance of a pipe line through their land. The pipe line had been constructed in 1898. In 1936 appellees conveyed to the State Highway Commission a right of way 60 feet in width. The Highway Commission let a contract for the construction of a state highway and after the grading had been completed the hillside east of the right of way began to slip. About three-fourths of an acre of land belonging to appellees was affected at the point where the slides occurred. Appellant's pipe line passed through appellees' land about 75 or 80 feet east of the right of way. The line was broken by the slides and the pipe exposed, and the alleged damages occurred while repairs were being made by appellant. In their petition as amended, the appellees sought to recover $1,165. The appellant in an answer and counterclaim denied that it had negligently maintained and repaired the pipe line, and pleaded affirmatively that after the pipe line had been constructed the appellees conveyed to the Commonwealth of Kentucky and Martin county a right of way for the construction of a public highway through their land, and that in constructing the highway the lateral support was removed from the right of way on the land occupied by defendant's pipe line causing the land to slip and the pipe line to be misplaced to the defendant's damage in the sum of $1,500, and it sought to recover from the plaintiffs the sum of $1,500 on its counterclaim. Thereafter the defendant filed an amended answer, counterclaim and cross-petition in which it sought to recover $1,500 from Martin county, which was named a defendant in the cross-petition. Martin county was never summoned and is not a party to this appeal. The case was tried May 24, 1939, and the jury returned a verdict for the defendant on the plaintiffs' claim for damages and for the plaintiffs on defendant's counterclaim, and recommended that the parties pay their own costs. A judgment was entered dismissing the plaintiffs' petition and the defendant's counterclaim and adjudging that plaintiffs should pay their costs and the defendant its costs. The plaintiffs filed a motion for a new trial, assigning as grounds (1) misconduct of the jury, and (2) the verdict was contrary to the weight of the evidence. The plaintiffs' motion for a new trial was sustained May 28, 1940, more than a year after it was filed, and the judgment

theretofore entered was vacated. The defendant objected and excepted to the order granting a new trial, and prepared and filed its bill of exceptions and transcript of evidence at the first trial which have been made a part of the record on this appeal. The case was tried again September 24, 1940, and the jury returned a verdict for the plaintiffs against the defendant for $50, and the defendant's counterclaim was dismissed. The defendant moved the court to substitute the judgment and verdict at the first trial for the verdict and judgment entered thereon at the second trial. The court overruled the motion and exceptions were taken. Defendant's motion and grounds for a new trial was overruled.

We are confronted at the outset by a question of jurisdiction. Ordinarily where a counterclaim is involved and there has been a judgment for the plaintiff for less than $200 and the defendant's counterclaim has been dismissed and the amount of the judgment plus the amount of the counterclaim exceeds $200, this court has jurisdiction of an appeal by the defendant. Ford Lumber & Manufacturing Company v. Cornett, 171 Ky. 404, 188 S. W. 466. In the present case, however, the sole relief sought by appellant on this appeal is to have the first verdict and judgment substituted for the second verdict and judgment. In both judgments appellant's counterclaim was dismissed, and properly so, because neither the pleadings nor the proof authorized a finding against the plaintiffs on the counterclaim. The sole difference between the two judgments is the sum of $50 found for the plaintiffs on the second trial. This is the amount involved on this appeal, and this court therefore is without jurisdiction to entertain it. Section 950-1, Kentucky Statutes.

The appeal is dismissed.