## Carnahan v. Chesapeake & Ohio Railway Co.

(Decided December 5, 1911.)

### Appeal from Pike Circuit Court.

Jurisdiction—Amount in Controversy—Sham Pleading.—The plain-
tiff in an action cannot confer jurisdiction on this court by the
mere statement that he has been damaged exceeding $200.00,
when the body of his pleading and the facts therein stated that
constitute the cause of action show that he has not been damaged
in that amount and under no circumstances could recover that
sum if he should have judgment for all that the averments of the
petition show him entitled to. There must be a real controversy
between parties, involving an amount sufficient to give this court
jurisdiction before an appeal will lie.

ROBERSON, LANGLEY & COOPER for appellant.

J. M. YORK for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellant was a traveling salesman for a clothing firm. On April 18, 1911, he was at Pikeville, Kentucky, and desiring to go in the prosecution of his business to Prestonburg, a short distance away, he checked his trunks of sample clothing from Pikeville to Prestonburg, and they should have been sent on the train leaving Pikeville at 12:30 p. m., and have arrived at Prestonburg on the same day a few hours later. He went from Pikeville to Prestonburg on this train, but the railway company failed to forward on the train his trunks as it should have done. Other business engagements prevented him from remaining in Prestonburg after the 18th, and as a result he was unable to make any sales in Prestonburg on that day, as he would have tried to do had his trunks been shipped. To recover damages for the failure to ship his sample trunks, he brought this action against the railway company, fixing his damage at $250. He averred in his petition:

"That the profits accruing to him on sales of clothing made during the last preceding four days averaged $72.90 per day; that some days his net profits amounted to $167, and on other days he ran as low as ten dollars per day; that had he received his trunk on the afternoon of said April 18th, 1911, at Prestonburg, Kentucky, plaintiff verily believes that he could and would have made at least one sale, if not more than one, from which his profits would have been something near the average amount of sales hereinbefore referred to; that defendant by and through its agents, servants and employes at its station at Pikeville, Kentucky, had knowledge of the fact that this plaintiff was a traveling salesman, and that said trunk so checked to Prestonburg, Kentucky, contained samples of clothing from which he made sales and procured orders for clothing; he states that he paid transportation from Pikeville to Prestonburg. and return, amounting to $1.28, which he paid by mileage taken from a mileage book bought by him at the rate of two cents per mile for each and every mile contained in said book. Plaintiff now says that by reason of the negligence and failure of the defendant to carry his trunk to Prestonburg, Kentucky, on the said afternoon of April 18th, 1911, whereby he was deprived of the privilege and opportunity on that day of making any sale of clothing to his customers and other merchants at said place, which place contained at least five merchants who buy clothing, and by the further reason of the vexation, annoyance

and delay caused him, and the expense of going to Prestonburg and return, he has sustained damage in the sum of $250. Wherefore, plaintiff prays judgment against the defendant, the Chesapeake & Ohio Railway Company, for the sum of $250, for costs, and all general and special relief."

The lower court sustained a general demurrer to the petition, and this appeal is prosecuted to reverse that ruling.

It is not necessary to consider the right of the appellant to recover the speculative damages he probably suffered by the failure to ship his trunks, as the amount involved is not sufficient to give the court jurisdiction of this appeal. Of course, there is no actionable matter in the averment that the failure to ship the trunks caused the appellant vexation, and annoyance. His cause of action, if any, is clearly confined to the loss of time in going from Pikeville to Prestonburg, and return, the expense of the trip, and the profit he would have made on sales that he believed he might have made. If we should assume that there could be a recovery for the vague and doubtful profits, the total amount including the actual expense incurred and compensation for time lost does not amount—taking the most favorable view—to $200. We have no jurisdiction of appeals "from a judgment for the recovery of money or personal property if the value in controversy be less than two hundred dollars, exclusive of interest and costs." Kentucky Statutes, section 950. It is, therefore, manifest that unless the averment of the petition that the appellant has "sustained damage in the sum of $250" and the prayer for damages in this sum, is sufficient to make the amount in controversy $200, we have no jurisdiction. The question then is, can the plaintiff in an action confer jurisdiction on this court by the mere statement that he has been damaged exceeding $200, when the body of his pleading and the facts therein stated that constitute his cause of action show that he has not been damaged in that amount, and under no cir--cumstances could recover that sum, if he should have judgment for all that the averments of the petition show him entitled to. There must be a real controversy between parties involving an amount sufficient to give this Court jurisdiction before an appeal will lie. The draftsman of the pleadings cannot by the insertion in the pleading of a sum sufficient to give this Court jurisdiction defeat the statute or evade its provisions. When the plead-

ing itself shows by its averments that the plaintiff is not entitled in any event to $200 he cannot by the unsupported assertion that he is entitled to more give the court jurisdiction of his appeal. Smith v. C. & O. Ry. Co., 118 Ky., 825.

Wherefore, the appeal is dismissed for want of jurisdiction.