## George Schechter & Company v. Farmers National Bank.

(Decided October 28, 1913).

### Appeal from Barren Circuit Court.

Jurisdiction—Amount in Controversy—Sham Pleading.—The plaintiff in an action cannot confer jurisdiction on this court by the

mere statement that he has been damaged exceeding $200, when the body of his pleading and the facts therein stated that constitute the cause of action show that he has not been damaged in that amount and under no circumstances could recover that sum if he should have judgment for all that the averments of the petition show him entitled to. There must be a real controversy between parties, involving an amount sufficient to give this court jurisdiction, before an appeal will lie.

ERNEST H. NEUMAN for appellant.

BASIL RICHARDSON and BAIRD & RICHARDSON for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Disimssing appeal.

One William Mahoney was a traveling salesman for the appellant, and as such salesman he sold to the Taylor & Moore Grocery Company at different times goods amounting in the aggregate to $132.33. As he sold these goods the Taylor & Moore Grocery Company gave him checks on the appellee, Farmers' National Bank, payable to the appellant. It appears from the petition that Mahoney indorsed these checks in the name of the appellant and obtained from the bank the money represented by them, and failed to account to the appellant for the money so received from the bank. Thereupon the appellant brought suit against the appellee bank seeking to recover from it the amount of these checks, $132.33, upon the ground that Mahoney was not authorized to indorse the checks or receive the money on them.

To the petition a general demurrer was filed and sustained. Afterwards the appellant filed an amended petition setting out that "by reason of the defendant bank making the payments referred to in the petition upon the indorsement of William Mahoney, as set forth in the original petition, there arose a contention between the maker or drawer of said check and the plaintiffs, the maker or drawer of said checks contending that the claims of the plaintiff against him have been satisfied in full by reason of the defendant bank making the payment upon said checks as indorsed.

"Plaintiffs state that by reason of said contention, the maker or drawer of said checks refused to have further business dealings with these plaintiffs, and state that by reason thereof these plaintiffs have lost profits which they would have earned had such further business.

relations continued between these pliantiffs and the maker of said checks.

"Plaintiffs further state that said contentions and disagreements arose between the plaintiffs and the maker or drawer of these checks after the filing of said original petitions herein, and say that since the filing of said original petition, the plaintiffs were unable to, and did not, receive further business from the maker of said checks, and says that said breach in business relations did not arise until after the filing of this suit, and that the same could not have been discovered by these plaintiffs, nor could they have anticipated such breach in business relations, or loss of profits.

"Plaintiffs state further that they have lost, by reason thereof, profits amounting to and in the sum of seventy-five ($75.00) dollars."

"Wherefore, plaintiffs pray judgment against the defendant, Farmers' National Bank, for and in the sum of two hundred and seven and 33-100 ($207.33)."

A motion has been made to dismiss the appeal upon the ground that the amount in controversy is less than two hundred dollars. Section 950 of the Kentucky Statutes provides in part: "No appeal shall be taken to the Court of Appeals from a judgment for the recovery of money or personal property if the value in controversy be less than two hundred dollars, exclusive of interest and cost;" and if the amount in controversy is less than two hundred dollars the motion to dismiss the appeal must be sustained.

The appellant may have had a cause of action against the bank to recover the sum of $132.33, although on this question we express no opinion; but of course the appellant had no cause of action against the bank to recover on the grounds stated in the amended petition the $75 therein sought to be recovered. It is manifest that this $75 claim was asserted merely for the purpose of attempting to confer jurisdiction on this court and not because the appellant had any valid demand against the bank for this sum or any part of it. This seems so plain that we do not think it necessary to discuss it further.

In Carnahan v. Chesapeake & Ohio Railway Co., 145 Ky., 676, in disposing of a similar matter, we said: "The question then is, can the plaintiff in an action confer jurisdiction on this court by the mere statement that he has been damaged exceeding $200, when the body of his pleading and the facts therein stated that constitute his

cause of action show that he has not been damaged in that amount, and under no circumstances could recover that sum, if he should have judgment for all that the averments of the petition show him entitled to. There must be a real controversy between parties involving an amount sufficient to give this court jurisdiction before an appeal will lie. The draftsman of the pleadings cannot by the insertion in the pleading of a sum sufficient to give this court jurisdiction defeat the statute or evade its provisions. When the pleading itself shows by its averments that the plaintiff is not entitled in any event to $200 he can not by the unsupported assertion that he is entitled to more give the court jurisdiction of his appeal."

Wherefore, the appeal is dismissed for want of jurisdiction.