## Morgan v. Johnson.

(Decided April 16, 1914.)

### Appeal from Daviess Circuit Court.

Appeal—Amount in Controversy—Kentucky Statutes, Section 950—Jurisdiction.—Ordinarily where plaintiff sues for a certain amount, and defendant asserts a counterclaim for a certain amount and recovers on his counterclaim, the amount in controversy on an appeal by the plaintiff is the amount sued for plus the recovery on the counterclaim; but where plaintiff's own proof, construed most favorably in his behalf, conclusively shows that if there had been a finding in his favor he could not have recovered the sum sued for, but only a part thereof, and that part, added to the recovery on the counterclaim, is less than $200, exclusive of interest and costs, this court is without jurisdiction to entertain the appeal.

THOMAS A. MORGAN for appellant.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Dismissing Appeal.

Alleging that he was the owner of and entitled to the possession of a certain mule of the value of $150, and that the defendant, John T. Johnson, wrongfully detained the same, plaintiff, Thomas A. Morgan, brought this action against Johnson to recover the mule and $250 damages for its detention. Johnson defended on the ground that he was a constable of Daviess County; that the stock law making it unlawful to permit cattle to run at large in that county was in full force and effect; that the mule in question was running at large, and was impounded by him, and that he was entitled to a lien on the mule for his impounding fee and the cost of his keep, for which sums he asked judgment over by way of counterclaim. Evidence was heard and the question whether or not the mule was running at large and was impounded by the defendant, together with the reasonable cost of the keep of the mule, was submitted to a jury, which found in favor of the defendant. The case

was then transferred to equity, and defendant adjudged a lien on the mule for the sum of $40.50. The mule was adjudged to be the property of plaintiff, and was ordered to be sold, with directions to pay the defendant's lien and costs, and the balance to plaintiff. Plaintiff appeals.

While it is true that plaintiff asked damages in the sum of $250, his proof shows that the value of the mule did not exceed one dollar a day. The mule was impounded on June 23, 1912. The judgment was entered September 10, 1912. The sale took place September 28, 1912. On the basis of damages at one dollar a day, the damages at the time of the trial amounted to $79, and on the day the mule was sold to only $97. Defendant was adjudged a lien for only $40.50. As plaintiff was adjudged to be the owner of the mule, the amount in controversy on this appeal is the actual damages for the detention of the mule, and defendant's lien debt. At the time of the trial these two sums aggregated $119.50, and at the time of the sale only $137.50.

Ordinarly where plaintiff sues for a certain amount, and defendant asserts a counterclaim for a certain amount and recovers on his counterclaim, the amount in controversy on an appeal by the plaintiff is the amount sued for plus the recovery on the counterclaim; but where plaintiff's own proof, construed most favorably in his behalf, conclusively shows that if there had been a finding in his favor he could not have recovered the sum sued for, but only a part thereof, and that part, added to the recovery on the counterclaim, is less than $200 added to the recovery on the counterclaim, this court is without jurisdiction to entertain the appeal. Section 950, Kentucky Statutes.

Appeal dismissed.