## W. S. Wilson & Company v. Dickenson County Bank.

(Decided May 20, 1914.)

### Appeal from Pike Circuit Court.

Courts—Jurisdiction—Amount in Controversy—Sham Pleading.— Where the real amount in controversy does not exceed $132.54, with interest, the mere allegation of the pleader that plaintiffs had been damaged in the additional sum of $75, when the facts pleaded show that he has not been damaged in that amount and under no circumstances could he recover the additional damages asked, will not confer jurisdiction on this court.

J. M. ROBERSON, R. H. COOPER and ROBT. L. MILLER for appellants.

YORK & JOHNSON for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Dismissing Appeal.

On November 11, 1909, L. A. Priode executed and delivered to W. S. Wilson and T. S. Bales, partners trading under the firm name of W. S. Wilson & Company, two checks; one for $88.36, and the other for $44.18, drawn on the Dickenson County Bank, whose chief place of business was at Clintwood, Dickenson County, Virginia.

This action was brought by W. S. Wilson & Company against the Dickenson County Bank to recover the amount of the checks and interest. The petition as amended charges that the two checks were mailed to the bank with directions to forward certified checks for same. Instead of paying the checks or notifying plaintiffs of their dishonor, the bank retained the checks for

over two months. In the meantime the drawer, Priode, removed or otherwise disposed of all the property that he had in the State of Kentucky. Because of the unreasonable delay of the bank in retaining the checks and not advising plaintiffs of their dishonor, plaintiffs were prevented from taking legal steps to collect the checks, which they could and would have done had the bank exercised reasonable diligence in advising them of their dishonor. The petition was twice amended. In the second amended petition plaintiffs alleged that by reason of the negligent act of the bank they lost their debt and were thereby damaged in the sum of $75 in addition to the amount of the checks. They therefore prayed for damages in the sum of $207.54. The bank raised the question of jurisdiction. This plea being sustained, plaintiffs' petition was dismissed. They appeal.

The first question presented is the jurisdiction of this court. The amount originally sued for was $132.54, with interest from November 30, 1909. Subsequently plaintiffs increased their claim and asked for damages in the sum of $75. It is well settled that there must be a real controversy between the parties involving an amount sufficient to give this court jurisdiction before an appeal will lie. A plaintiff cannot confer jurisdiction on this court by the mere allegation that he has been damaged in the sum of $75, when the facts stated in his petition conclusively show that he has not been damaged in that amount, and under no circumstances could he recover the damages asked. Even if the bank were liable in this case, its liability could not exceed the aggregate amount for which the checks were drawn, together with interest thereon from the time they were drawn. It is apparent, therefore, that plaintiffs could not recover the additional item of $75 by way of damages, and that this allegation was made merely for the purpose of conferring jurisdiction on this court. As the real controversy between the parties does not involve an amount sufficient to give this court jurisdiction, it follows that the appeal cannot be entertained. Carnahan v. C. & O. Ry. Co., 145 Ky., 676; Smith v. C. & O. Ry. Co., 118 Ky., 825; Cumberland Tel. & Tel. Co. v. Logsdon, 142 Ky, 639.

Appeal dismissed.