## Julian v. United Clothing Stores.

(Decided May 21, 1918.)

### Appeal from Fayette Circut Court.

1. Appeal and Error—Amount in Controversy.—When plaintiff's testimony shows the amount to which he would be entitled to recover in any event, such amount governs his right to appeal when defeated in the action, regardless of the amount he claimed in his pleading, since the actual amount in controversy is the one which governs, and this is fixed by plaintiff's testimony rather than by his pleading.

2. Appeal and Error—Amount in Controversy—Transcript.—No appeal can be taken from an order of the trial court granting it where the amount involved, exclusive of interest and cost, is more than $200,00 and less than $500.00; but in such case the remedy is to file the transcript with the clerk of this court and enter a motion for an appeal.

3. Appeal and Error.—Dismissal.—Where plaintiff's pleading sought a judgment against defendant for $500.00 and upon trial he admitted the right to recover only $484.00, an appeal allowed by the court below to the plaintiff, who was defeated upon the trial, will be dismissed because not properly prosecuted.

J. A. EDGE for appellant.

J. N. ELLIOTT and MANTON DAVIS for appellee.

OPINION OF THE COURT BY JUDGE THOMAS.—Dismissing the appeal.

Plaintiff, the appellant, brought this suit against the defendant, the appellee, to recover rent for a store

building in Mt. Sterling, Kentucky, for the first eight months of the year 1914, which was fixed at $80.00 per month, subject, however, to a credit of $140.00 which plaintiff admitted that he had collected from a sub-tenant under the defendant who, it was claimed, had the property rented, leaving a net balance of $500.00, for which judgment was asked.

A cancellation of the lease was insisted upon in the answer and it made an issue as to defendant's liability for any part of the rent. Upon trial, the jury under instructions from the court returned a verdict for the defendant, and complaining of it the plaintiff prosecutes this appeal.

We find ourselves without jurisdiction to consider and determine any of the questions presented, because the appeal has not been properly prosecuted. During the trial the plaintiff. admitted a just credit, for which he had made no allowance in his petition, of the sum of $16.00, which would reduce the amount to which he would be entitled to recover in any event to the sum of $484.00.

The law is well settled that when the right to appeal is dependent upon the amount in controversy the judgment fixes the amount governing the right of an appeal by the defendant, but the amount governing the right of the losing plaintiff to appeal is the sum that his evidence shows him entitled to recover. 3 Corpus Juris. 397; Wilson v. Dickenson County Bank, 159 Ky. 102; Chenault v. Bank of Arlington, idem, 104, and cases in note 8a to section 950 of the Kentucky Statutes.

In the Chenault case, which was an appeal by plaintiff who lost below, the amount sought to be recovered by the petition was $200.00, but the proof conclusively showed that in no event was he entitled to recover a greater sum than $120.00. This court dismissed the appeal, saying: ''While the petition lays the damages sued for by appellant at $200.00, the evidence introduced in his behalf on the trial, as furnished by the bill of exceptions, conclusively shows. the damages, if any were sustained by him, to be far less than that amount, and that they did not exceed $120.00.

. . . ''The fact that the damages claimed in the petition amount to $200.00 can not give this court jurisdiction of the appeal, where the plaintiff's own evidence and all the evidence heard on the trial in the court below clearly shows, as in this case, that the damages actually sustained by him was less than $200.00.''

Under that rule the amount involved here, so far as appellant is concerned, is only the sum of $484.00.

Subsection 3 of section 950 of the Kentucky Statutes provides that in all cases where the amount in controversy is as much as $200.00 exclusive of interest and cost, and less than $500.00, the appeal shall be taken by filing a copy of the record with the clerk of the Court of Appeals and the appellant entering a motion for the granting of an appeal. In such cases no appeal can be prosecuted under any order granting it by the circuit court.

Searcy v. Golden, 172 Ky. 42, and Childers v. Ratliffe, 164 Ky. 123. The remedy is by a motion for an appeal to be made in this court. Same cases, and Oman-Bowling Green Stone Co. v. L. & N. R. R. Co., 169 Ky. 832.

The appeal now before us is prosecuted from the order of the circuit court granting it. No motion has been made in this court for an appeal, and under the authorities, *supra,* the appeal must be and it is dismissed.