## Preston v. Southern Railway Company in Kentucky.

(Decided February 18, 1927.)

### Appeal from Mercer Circuit Court.

1. Appeal and Error—Court of Appeals was Without Jurisdiction of Plaintiff's Motion for Appeal, where Highest Estimate of Value of Horse Sued for was $175.00.—In action for death of horse, Court of Appeals held without jurisdiction of plaintiff's motion for appeal, where highest estimate of value of horse was $175.00; right to appeal being measured by the sum that plaintiff's evidence shows him entitled to recover.

2. Appeal and Error—Amount in Controversy Determines Jurisdiction of Court of Appeals Over Motion for Appeal.—Jurisdiction of Court of Appeals to entertain motion for appeal depends upon the amount in controversy.

C. E. RANKIN for appellant.

E. H. GAITHER, EDWARD P. HUMPHREY and HUMPHREY, CRAWFORD & MIDDLETON for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Dismissing appeal.

The appellant, Preston, sued the Southern Railway Company in Kentucky for $225.00 for the death of a horse. At the close of the plaintiff's evidence, the court directed the jury to return a verdict for the defendant. Plaintiff's motion for a new trial was overruled. He has filed a copy of the record, and entered a motion for an ap-

peal. The Southern Railway Company in Kentucky has moved to dismiss the motion for an appeal, for want of jurisdiction, and that motion has been overruled. The highest estimate of the value of this animal that appears in the evidence is $175.00. In the case of Julian v. United Clothing Stores, 180 Ky. 653, 203 S. W. 549, we said:

> "The law is well settled that when the right to appeal is dependent upon the amount in controversy the judgment fixes the amount governing the right of an appeal by the defendant, but the amount governing the right of the losing plaintiff to appeal is the sum that his evidence shows him entitled to recover. 3 Corpus Juris 397; Wilson v. Dickenson County Bank, 159 Ky. 102; Chenault v. Bank of Arlington, idem 104, and cases in note 8a to section 950 of the Kentucky Statutes."

To meet this the plaintiff cites the case of Howard v. Maysville & B. S. R. Co., 24 Ky. L. R. 1051, 70 S. W. 631. We cannot tell from reading that opinion just what judgment might have been authorized by the proof introduced, and thus the value of that opinion as an authority is not so great as that in the Julian case, *supra,* which was delivered several years after the Howard case, which cites in its support two other cases, both of which were later than the Howard case, and which states in clear and unmistakable language the amount there in controversy was $484.00, and plainly says that the right of the losing plaintiff to an appeal is measured by the sum that his evidence shows him entitled to recover. The correctness of this rule is beyond question. The cases announcing it are later than the Howard case, and if the Howard case can be construed to be contrary doctrine, these three later decisions holding to the contrary are sufficient to overcome it. The evidence of the plaintiff himself fixes the value of this horse at $150.00 or $175.00. No other witness places the value of the animal that high. The amount in controversy determines the jurisdiction of this court to entertain a motion for an appeal, and in this case the amount in controversy is only $175.00. Therefore, we have reconsidered our action in overruling the motion to dismiss the motion for an appeal, and the motion to dismiss is now sustained. The motion for an appeal is denied for want of jurisdiction.