# Richmond

F. D. LEVY V. J. GOLDSTEN AND GEORGE E. WALKER.

January 12, 1933.

Present, Campbell, C. J., and Holt, Epes, Hudgins, Gregory and
Browning, JJ.

The opinion states the case.

*Allen, Walsh & Waddell,* for the complainant.

*George E. Walker* and *J. Stewart Fitzhugh, Jr.,* for the appellants.

BROWNING, J., delivered the opinion of the court.

This case presents a number of interesting questions but in the view that we have it will be necessary to consider only one of them, as its determination will be conclusive of the matter so far as this court is concerned. The defendants, Goldsten and Walker, contend that the amount in controversy is not sufficient to give this court jurisdiction.

F. D. Levy and J. Goldsten had been engaged in cross litigation. Each had obtained a judgment against the other in different characters of actions at law. Levy secured judgment against Goldsten for $1,196.60 and Goldsten's judgment against Levy was in the sum of $500.00. Walker was the attorney for Goldsten in this litigation, and came into the controversy by virtue of an assignment to him by Goldsten of the entire judgment of $500.00 against Levy. The assignment was based on Goldsten's indebtedness to his attorney, Walker, for services rendered. Walker also asserted the statutory attorney's fee lien on the fund represented by the judgment of Goldsten against Levy. Levy sought to discharge his judgment indebtedness to Goldsten by crediting or offsetting the same on his own judgment against Goldsten. Thus the contest was between Levy on the one hand and Goldsten and Walker on the other.

Levy filed his bill in equity against the two defendants assailing the validity of the assignment and asserting the superiority of his claims to those of Walker for a number of reasons, not necessary to be noted in our view of the matter, and praying, *inter alia,* that a preliminary injunction be granted restraining the defendants from having execution

issue upon said judgment of $500.00, or taking any steps to enforce payment, pending a decision of the case. This injunction was granted. The defendants filed their answer and upon an agreement that the facts stated in the bill and answer were true and that the defendants knew, at the time of the employment of the attorney, that Goldsten was insolvent and had no assets then or at the time of the trial, the case was heard, and the court decreed that $250.00 of the $500.00 judgment, should be set off against and credited upon the judgment recovered by the complainant against Goldsten, and that Goldsten was forever enjoined from proceeding on said judgment against the complainant Levy and the remaining $250.00 of the judgment was decreed to George E. Walker as against the complainant Levy.

It will be seen that the subject of the contention and the basis of the chancery suit was the judgment for $500.00 in favor of the complainant. The result was that the complainant prevailed as to $250.00, part thereof, and was unsuccessful as to the residue of $250.00. By the decree, the claim of the defendant, Walker, was sustained as to the attorney's lien and the claim of the complainant was sustained as to the residue. An appeal was allowed by this court. The question is, What amount controls in determining whether this court has jurisdiction? The complainant contends that it is the sum sued for in the lower court. The defendants maintain that the complainant has been decreed $250.00 and the amount in issue here is the $250.00 which was covered by the attorney's lien, and which is the only relief he could legally ask for and receive, and that that is insufficient to give this court jurisdiction.

Numerous authorities have been cited by both parties to sustain their conflicting views. To our minds the more apposite and impressive ones are those cited by the defendants.

2 R. C. L. page 36, section 15: "Where the plaintiff is the appellant and the judgment is for the defendant the jurisdiction of the appellate court is determined by the amount claimed by the complaint. If, however, an appeal

is taken by plaintiff from a judgment for a part only of his claim then the amount in controversy is the difference between the amount of the judgment and the sum claimed by the complaint." (Also see 3 C. J., 404.)

■ Burks' Pleading and Practice (2nd ed.) page 761: "*On principle* it would seem that the amount in controversy means *in controversy in the appellate court* and not in the trial court, and this amount is measured by the difference between what was claimed by the party in the trial court and the amount allowed him in that court; and, in ascertaining the amount claimed in the trial court, we should look (in case of the plaintiff) to the amount claimed by him in the *body of the declaration* and not merely to the *ad damnum* clause. The plaintiff in error is not making any complaint of what he has received, but of what he has not received, and so much of what he claimed in the trial court as was not allowed him in that court represents the matter in controversy in the appellate court."

In the case of *Batchelder & Collins* v. *Richardson*, 75 Va. 835, the plaintiff was the holder of two notes amounting to $520.00 and the defendant of three notes amounting to $428.00 which were all secured by a deed of trust on certain property, which was sold for $556.00. The plaintiff filed a bill claiming priority. The lower court held that the plaintiff should be allowed $286.00 and the defendant $228.00. On plaintiff's appeal the case was dismissed. Judge Staples speaking for the court. said: "From this statement it will be perceived that the only matter in controversy here, and in the court below, is the sum of $228.00 allowed the appellee by the decree of the court. The appellant's right to the $286.70, has not been drawn in question. The first matter, therefore, for our consideration, is with respect to the jurisdiction of this court to hear the case.

\*  \*  \*  \*  \*  \*  \*  \*  \*

"These authorities seem to be decisive of the present case; for, as already stated, the only matter in dispute was the sum of $286.00, although the plaintiff claimed the entire

fund in his bill. That this modification of the rule is correct, cannot be for a moment questioned. For, otherwise, if the plaintiff claimed a debt of $500.00, in his bill or declaration, and received $495.00 with the consent of the defendant, the plaintiff may bring his case here to reverse a ·judgment involving the sum of $5.00. Such a case is not likely to occur, but it seems to illustrate thè point involved. We are, therefore, of opinion the appeal must be dismissed as improvidently allowed." See, also, *Marchant* v. *Healy,* 94 Va. 614, 27 S. E. 464; *Lamb & Cabell* v. *Thompson,* 112 Va. 134, 70 S. E. 507.

█ It is manifest that the appeal was improvidently awarded and the case is dismissed.

*Dismissed.*