## Perry Lumber Company v. Garlen et al.

(Decided March 6, 1934.)

JOHN L. KILGARRIFF for appellant.
OSMOND F. BYRON for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Dismissing appeal.

The appellee Jewell Garlen, while working for the appellant, Perry Lumber Company, on August 28, 1931, received an injury resulting in a hernia. He was working under the Workmen's Compensation Act (Ky. Stats. sec. 4880 et seq.). He notified his employer and the insurance carrier of his injury, and had a medical examination and was advised by the doctor that an immediate operation was necessary. On November 5th following, appellant notified appellee that it had arranged for this operation to be performed at Louisville,

Ky., and that his transportation would be paid from Lexington to Louisville. For some reason appellee did not go to Louisville and no operation was performed until December 18, 1931, when it was performed at Lexington, Ky. Appellee was confined in the hospital from the date of the operation until February 6, 1932, as a result of the operation. Appellant paid him compensation for his disability following the operation, less one week, which was from December 25, 1931, to February 6, 1932, but refused to pay him compensation from the date of the injury to December 25th. Appellee filed his application with the Workmen's Compensation Board asking for compensation from the date of the injury to February 6, 1932. Upon a hearing before the Compensation Board, it allowed him compensation from the date of the injury, August 28, 1931, to February 6, 1932. Appellant appealed from the finding of the board to the Fayette circuit court, and the circuit court sustained the finding of the board and entered judgment accordingly. Appellant excepted and prayed an appeal to this court, which was granted

Thus it will be seen that the sum in controversy between the parties is the sum of compensation from September 8, 1931, to December 25, 1931, which is approximately sixteen weeks at $8.78 per week, or a total sum of approximately $140.

The amount in controversy being less than $500, the circuit court was without authority to grant the appeal, and, being less than $200, this court is without jurisdiction to grant the appeal, even on motion for an appeal. In the circumstances, the appeal must be and is dismissed. Section 950-1 et seq., Kentucky Statutes; Consolidated Coal Company et al. v. Jennings, 236 Ky. 705, 33 S. W. (2d) 647.

Appeal dismissed.