## Martin County v. Stanley.

Nov. 28, 1941.

J. B. Clark for appellant.

J. H. Preece for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Dismissing appeal.

The plaintiff, I. L. Stanley, sued Martin County for $500 damages for an alleged breach of contract on the part of the county in not opening a road through his farm. The petition alleged that in July, 1933, he sold the county a right-of-way through his farm, and as a part of the consideration it agreed to open a road over this right-of-way not later than the spring of 1934; that by reason of its failure to do so plaintiff was prevented from fencing his land, which in turn prevented him from raising a crop thereon to his damage in the sum of $500.

The answer traversed the allegations of the petition and by way of counterclaim averred that the plaintiff unlawfully erected a fence across a public road belonging to the county, thereby causing it to institute an action against Stanley and "fight the case through the courts at an expense and damage to the County in the sum of $500." No demurrer was filed to this counterclaim.

On the first trial the jury found neither party was damaged, but as only eight of the jury signed the ver-

dict, the court granted a new trial. The verdict on the second trial was "for the plaintiff $156 and nothing for the defendant," and judgment for that sum was entered in favor of plaintiff. The order overruling the county's motion for a new trial granted it an appeal to this court and it is insisting the judgment should be reversed because: The court erred in overruling its demurrer to the petition; in admitting incompetent evidence; and in overruling its motion for a peremptory instruction.

At the outset we are confronted with the question of this court's jurisdiction to consider this appeal. Appellee filed no motion to dismiss the appeal, nor did he favor us with a brief, but as the judgment appealed from is only $156, the question of jurisdiction cannot be waived. Under Section 950-1, Kentucky Statutes, this court has no jurisdiction on an appeal from a money judgment less than $200. As stated above, the appeal was granted by the circuit court and no motion was made here for an appeal; therefore, to give this court jurisdiction the amount in controversy must be as much as $500; Sections 950-1 and 950-3, Kentucky Statutes.

It cannot be said with reason that the counterclaim for $500 brings the amount in controversy up to $656 because the record shows no proof was taken thereon to establish the county's damages, and this prevents us from considering the amount of the counterclaim in determining whether the sum in controversy on this appeal is as much as $500. In effect, the counterclaim was abandoned.

It has been written that even where a party's proof shows that if there had been a finding in his favor he could not have recovered a sufficient sum, when added to his adversary's recovery, to bring the amount in controversy up to $200, this court has no jurisdiction to grant an appeal under Section 950-3, Kentucky Statutes. Morgan v. Johnson, 158 Ky. 417, 165 S. W. 649. Nor can jurisdiction be conferred on this court by a sham pleading wherein a party seeks recovery for a jurisdictional amount when there is no basis for such a recovery and no evidence is offered to support it. George Schechter & Co. v. Farmers' Nat. Bank, 155 Ky. 526, 159 S. W. 1140. The right of a party to appeal is governed by the sum his evidence shows he is entitled to recover. Preston v. Southern R. Co., 218 Ky. 376, 291 S. W. 408; Nunn v. Howard, 216 Ky. 685, 288 S. W. 678.

Since the amount in controversy is insufficient to give this court jurisdiction, we cannot consider the points raised by appellant in its brief.

The appeal is dismissed.