## Bennett v. White Coal Co.

Oct. 22, 1943.

D. Y. Colson and D. G. Colson for appellant.

Murray L. Brown for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

This is a second appeal, and as the facts appear in the first opinion reported in 288 Ky. 827, 157 S. W. (2d) 73, it is unnecessary to repeat them.

Upon the cause being remanded to the Board in conformity with our former opinion, the full Board recon-

sidered it and found that appellant had received a bruise on his leg which temporarily and totally disabled him for a period of eight weeks. It entered an order awarding him compensation therefor at the rate of $9.75 per week beginning April 6, 1938, with 6% interest thereon until paid, credited by $40.96, which it is admitted the Company advanced him from April 6, 1938, to the following June 4th.

Appellant filed a petition in the Clay Circuit Court asking it to review the findings and award of the Board. In this pleading he averred that the Board should have found him totally and permanently disabled as the result of the accident he suffered and should have allowed him $6,000 compensation, representing 416 weeks at $15 per week. The judgment of the circuit court sustained the findings and award of the Board, dismissed appellant's petition, and he appeals.

The appellee Company moved to dismiss the appeal for want of jurisdiction by this court under KRS 21.080, and insisted that the amount in controversy is not as much as $200, citing Perry Lumber Co. v. Garlen, 253 Ky. 229, 69 S. W. (2d) 329 and Consolidated Coal Co. v. Jennings, 236 Ky. 705, 33 S. W. (2d) 647. An examination of those authorities reveals that the amounts in controversy were $140 and $195, respectively, which were arrived at by multiplying the number of weeks for which compensation was allowed by the amounts due each week. It is obvious those opinions have no application here. Appellant here claimed total permanent disability and sought a recovery of $6,000, and introduced testimony to the effect that he suffered such a disability as a result of the injuries received in the accident. The fact that he was allowed $77 credited by $40.96 does not make the amount in controversy on this appeal $36.04. The amount governing the right of appeal by a losing plaintiff is the sum his evidence shows he is entitled to recover, credited by any sum he might have been allowed in the judgment sought to be reversed. Preston v. Southern R. Co., 218 Ky. 376, 291 S. W. 408; Nunn v. Howard, 216 Ky. 685, 288 S. W. 678; Martin County v. Stanley, 288 Ky. 478, 156 S. W. (2d) 471.

The proof showed appellant had worked for appellee five years and had earned an average of $15 per week. Had this court found there was no competent evidence upon which the Board based its award of eight weeks'

disability, but on the contrary that the uncontradicted evidence showed permanent total disability, it would have remanded the case to the Board with directions to allow such disability. In that event appellant would have recovered several times the amount required to give this court jurisdiction, even after deductions were made for his previous amputations and the $400 received for the loss of his arm. It is apparent the amount in controversy on this appeal is ample to give us jurisdiction.

There is a sharp conflict in the evidence as to the extent of the disability suffered by appellant as a result of the accident. Dr. H. C. Hornsby in testifying for appellant stated that he found several traumatic injuries suffered by appellant as a result of the accident and these caused his permanent total disability. Doctors C. T. Ricketts and Lawrence Wagers in testifying for the Company stated that the injuries received by appellant would not have prevented him from working but three or four weeks had it not been for the previous loss of an arm and a leg. Dr. Harold F. Miller, a witness for the Company, testified that he examined appellant on June 8, 1938 (two months and three days after the accident), and while he was permanently and totally disabled, his condition was due to his pre-existing amputations, coupled with infected teeth, and was not the result of his accident.

In the absence of fraud, the findings of fact by the Board are conclusive, unless there is an entire lack of competent evidence to support them, and such findings will not be disturbed by this court. The authorities are legion on this proposition and we will cite only Hardwood Sales Co. v. Meeks, 286 Ky. 500, 151 S. W. (2d) 406, and refer the reader to the 19 Kentucky Digest under the heading of Workmen's Compensation, key 1939.

In the record before us the evidence justified the finding of the Board that the only disability suffered by appellant as a result of his injury was a temporary total disability for eight weeks. Therefore the circuit court did not err in dismissing the petition for review.

The judgment is affirmed.