ELIZABETH LEGATES and JAMES H. LEGATES, a minor, by his next friend, James M. Legates, Plaintiffs below, Appellants, v. PHILIP HEVERIN, Defendant below, Appellee.

(*December* 3, 1962.)

STIFTEL, J., sitting.

*Albert L. Simon* for Plaintiffs Below, Appellants.

*Robert B. Walls, Jr.*, for Defendant Below, Appellee.

Superior Court for New Castle County, No. 720, Civil Action, 1962.

STIFTEL, Judge:

Plaintiff, Elizabeth Legates, sued the defendant in the Court of Common Pleas for $900 for personal injuries incurred in an automobile collision. She received judgment for $100 and thereupon filed an appeal in this Court under 10 *Del. C.* § 1373 upon certification of a judge of the Court of Common Pleas to the Court Clerk that the amount in controversy exceeded $200.

Plaintiff, James H. Legates, a minor, by his next friend, James M. Legates, sued defendant in the Court of Common Pleas for $750 for personal injuries sustained in the same automobile accident. He received judgment

for $50 and thereupon filed an appeal in this Court under 10 *Del. C.* § 1373 upon certification that the amount in controversy exceeded $200.

Defendant moved to dismiss the appeals on the grounds that (1) 10 *Del. C.* § 1373, is unconstitutional in that it violates the due process and equal protection provisions of the Fourteenth Amendment of the Federal Constitution and Art. I, §§ 7 and 9 of the Delaware Constitution, *Del. C.* and (2) the certification that the amount in controversy is in excess of $200 is logically unacceptable.

Under 10 *Del. C.* § 1373, appeals in civil actions may be taken from the Court of Common Pleas to the Superior Court, with certain limitations. The pertinent limitations read as follows:

§ 1373 (b) "No appeal shall be allowed, however, from any order, ruling, decision or judgment of the Court except in the following cases—

"(1) A defendant may appeal where a judgment is given for a plaintiff for an amount exceeding the sum of $200 exclusive of interest and costs;

"(2) A plaintiff may appeal where a judgment is given for a defendant; provided the Judge of the Court of Common Pleas, upon the application of the aggrieved party, certifies to the Clerk of the Court before the taking of the appeal that the amount in controversy between the parties to the cause exceeds the sum of $200 exclusive of interest and costs;

\*       \*       \*       \*       \*       \*

"(4) A plaintiff may appeal where judgment is given for a plaintiff for a sum less than claimed; if the Judge

of the Court of Common Pleas, upon the application of the aggrieved party, certifies to the Clerk of the Court before the taking of the appeal that the amount in controversy between the parties to the cause exceeds the sum of $200, exclusive of interest and costs."

The plaintiffs in the Court of Common Pleas were awarded judgment in an amount less than that claimed so that the appeals were taken under Subsection (4) of Section 1373(b).

Under § 1373, a plaintiff who receives judgment for less than the amount claimed may appeal even though the amount of the judgment is less than $200 if the Judge of the Court of Common Pleas certifies that the amount in controversy is more than $200. A defendant may not appeal under any circumstances where the amount of the judgment is less than $200. Defendant in this case maintains that the statute thereby gives the parties unequal rights of appeal and thus denies the defendant the due process and equal protection guarantees of the Federal and State Constitutions, citing *DuPont v. Family Court for New Castle County*, 2 Storey 72, 153 A.2d 189 (Supreme Ct.1959).

Defendant is correct in asserting that a statute creating the right of appellate review must give litigants equal rights of appeal in order to be constitutionally valid. The Supreme Court stated in the DuPont case (153 A.2d at p. 192):

"We do not consider it necessary to labor the point that the grant of a right of appeal to one litigant with an accompanying failure to make the same grant to the other is in law discrimintion and, as such, a violation of both the Federal and State Constitutions. *Cf. Hecker v. Illinois Central Ry. Co.*, 231 Ill. 574, 83 N.E. 456; *State*

*ex rel. Owen v. Wisconsin-Minnesota Light & Power Co.,* 165 Wis. 430, 162 N.W. 433."

■ ■ There is no discrimination, however, in the rights of appeal created by the statute involved here. Section 1373 treats plaintiff and defendant equally because neither can appeal unless the amount in controversy exceeds $200. For a defendant the amount in controversy is the amount of the judgment awarded plaintiff which defendant seeks to eliminate or reduce on appeal. For a plaintiff who recovers nothing, the amount in controversy is the amount claimed. *Commercial Credit Co. v. Harrington,* 291 Ky. 434, 164 S.W.2d 953 (1942); *Julian v. United Clothing Stores,* 180 Ky. 653, 203 S.W. 549 (1918); 4 C.J.S. Appeal & Error § 74. For a plaintiff who recovers a part of his claim, the amount in controversy is the difference between the amount claimed and the amount recovered. *Johnson v. Board of Commissioners of Randolph County,* 140 Ind. 152, 39 N.E. 311 (1894); *White v. Tisdale's Ex'r,* 184 Ky. 254, 211 S.W. 571 (1919); *Levy v. Golsten,* 159 Va. 689, 167 S.E. 263 (1933).

Thus, it is possible, as in this case, for the amount in controversy to be more than $200 from the viewpoint of the plaintiff but less than $200 from the viewpoint of the defendant.

■ The Judge of the Court of Common Pleas was justified in certifying that the amount in controversy as to both plaintiffs exceeded $200 because the claim of each plaintiff less the amount of judgment awarded each is more than $200.

I conclude, therefore, that plaintiff and defendant are treated equally regarding their right of appeal; consequently, § 1373 does not violate the due process and equal protection guarantees of the Federal and State Con-

stitutions.

Defendant's motion to dismiss these appeals is, therefore, denied.